## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE F. HARTLEY, STEVEN TOMLINSON, individually and on behalf of all others similarly situated, and MARIA DEGENNERO,<br><br>    Plaintiffs,<br><br>vs.<br><br>WELLS FARGO & COMPANY; WACHOVIA SECURITIES FINANCIAL HOLDINGS, LLC; and WELLS FARGO ADVISORS, LLC, as successor in interest to Wachovia Securities, LLC,<br><br>    Defendants. | Civil Action No. 14-cv-5169<br><br>**STIPULATION RE: AMENDMENTS TO SETTLEMENT OF CLASS ACTION** |

IT IS HEREBY STIPULATED AND AGREED by and between Settling Parties MICHELLE F. HARTLEY and STEVEN TOMLINSON (as Class Representatives), on behalf of themselves, and all others similarly situated, and MARIA DEGENNERO, on the one hand, and WELLS FARGO & COMPANY, WACHOVIA SECURITIES FINANCIAL HOLDINGS, LLC, and WELLS FARGO ADVISORS, LLC (collectively, "Wells Fargo"), on the other hand, as set forth below:

WHEREAS, the Settling Parties have reached a settlement of the above-captioned action on a class and collective action basis, and they have submitted that settlement agreement to the Court for preliminary approval;

WHEREAS, the Court held a conference with counsel for the Settling Parties, and the Court stated its intention to grant preliminary approval for the proposed settlement, provided the Settling Parties made certain changes to (a) the body of the Stipulation re: Settlement of Class Action itself; and (2) the proposed Class Notice;

WHEREAS, counsel for the Settling Parties have met and conferred, and the Settling Parties have reached agreement on modifications to the settlement to address the Court's requests;

WHEREAS, pursuant to Section VI, Paragraph 2.11.10, the Settling Parties agree to these changes through counsel;

THEREFORE, the Settling Parties stipulate and agree through their counsel of record as follows:

1. The Stipulation re: Settlement of Class Action shall be and is hereby amended as follows (deletions in strike-through, and additions underlined):

  a. <u>Section VI, Paragraph 2.4.7</u>: Unless the Claims Administrator receives a Class Notice returned from the United States Postal Service for reasons discussed below in this paragraph, each Class Notice shall be deemed mailed and received by the Class Member upon mailing. In the event that subsequent to the first mailing of a Notice Re: Pendency of Class Action and prior to the Notice Response Deadline, a Class Notice is returned to the

Claims Administrator by the United States Postal Service with a forwarding address for the recipient, the Claims Administrator shall re-mail the notice to that address, the Class Notice will be deemed mailed at that point, and the forwarding address shall be deemed the Updated Address for that Class Member. In the event that subsequent to the first mailing of a Class Notice, and prior to the Notice Response Deadline, a Class Notice that is mailed to a Class Member is returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, *i.e.,* the envelope is marked "Return to Sender," the Claims Administrator shall undertake ~~an Updated Address Verification Measure~~ <u>a standard skip trace</u> to attempt to ascertain the current address of the particular Class Member in question, shall re-send the Class Notice to the updated address, if any, and shall treat the updated address as the Last Known Address; if no updated address is obtained for that Class Member, the Class Notice shall be sent again to the Last Known Address, and in either event, the Class Notice shall be deemed received once it is mailed for the second time<u>, provided that if such standard skip trace produces no updated address, the Claims Administrator shall work with Wells Fargo to determine if the company has a personal email address on file for that specific Class Member, and if so, the Class Notice shall be sent to that Class Member at that email address</u>. In the event that subsequent to the first mailing of a Class Notice, and on or after the Notice Response Deadline, a Class Notice is returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, *i.e.,* the envelope is marked "Return to Sender," the Claims Administrator shall be required to take no further action with that Class Notice and it shall be deemed to have been delivered. Nothing in this Paragraph shall be deemed to extend the Notice Response Deadline.

    b. <u>Section VI, Paragraph 2.5.3</u>: Class Members who do not opt out of the Settlement Class pursuant to Paragraph 2.5.2 may also object to the Stipulation by submitting written objections to Class Counsel (either directly or via the Claims Administrator) no later than the Notice Response Deadline. The Class Notice shall advise Class Members of this option. Class Members who wish to object to this Settlement must do so in writing. Those who wish to

object in writing must state the basis of the objection and mail the objection to the Court, the Claims Administrator, and Wells Fargo's Counsel via first class mail postmarked on or before the Notice Response Deadline. Any Class Member who wishes to present his/her objection at the fairness hearing must state his/her intention to do so in the written objection. The written objection must also contain a description of all reasons that the objecting Class Member objects to the Settlement. Objecting putative Class Members will not be allowed to present reasons for objecting to the Settlement at the fairness hearing that are not described in his/her written objection. Class Members shall be permitted to withdraw their objections in writing by submitting a withdrawal statement to the Claims Administrator and Defendants' Counsel not later than one (1) business day prior to the Court's final approval hearing, or otherwise ordered by the Court, and such an event, the Settling Parties will notify the Court that the objection was withdrawn.

    c. <u>Section VI, Paragraph 2.8.1</u>: Class Counsel shall be entitled, subject to Court approval and the occurrence of the Effective Date, to an award of reasonable attorney fees and litigation costs, not to exceed the amounts specified herein. Subject to Court approval, Wells Fargo will pay up to $1,340,000 total to Class Counsel for all attorney fees and costs. Payments made per this paragraph shall constitute full satisfaction of any claim for fees or costs, and the Named Plaintiffs and Class Counsel, on behalf of themselves and all Settlement Class Members, agree that they shall not seek nor be entitled to any additional attorney fees or costs under any theory, and the Named Plaintiffs further agree that these payments will be made directly to Class Counsel. Class Counsel will move for, and Wells Fargo will not object to, an award of attorneys' fees measured by a "percentage of the fund" consistent with Class Counsel's terms of retention, or thirty-three and one-third percent of the Gross Settlement Amount, which assuming maximum allocation will be $1,300,000.00. Although Wells Fargo has a right to a reversion of any portion of the Gross Settlement Amount, attorneys' fees, costs, and enhancement payments, this will have no impact on its consent to Class Counsel's application under a "percentage of the fund" recovery, consistent with the terms of retention with the Class

Representatives, seeking thirty-three and one-third percent of the Gross Settlement Amount. The Named Plaintiffs and Class Counsel agree that they shall be responsible for justifying the amount of these fee and cost awards to the Court, and they agree to submit the necessary materials to justify this award <u>(and the enhancement awards to the named plaintiffs) through a motion to be filed by Class Counsel prior to the mailing of the Class Notice but to be heard</u> along with the Settling Parties' joint motion for final approval of the Stipulation pursuant to Paragraph 2.5.7. Wells Fargo agrees not to oppose any submission regarding, or request for approval of, an award of fees or costs provided it is consistent with this Stipulation and, in particular, that provided that Wells Fargo not be required to pay any more than $1,340,000 in total to all Class Counsel for all attorney fees, costs, and expenses combined. In the event that the Court (or appellate court) awards less than the maximum amount for attorney fees and/or costs, only the awarded amounts shall be paid and shall constitute satisfaction of the obligations of this paragraph and full payment thereunder, and any remaining or unawarded portion of the maximum fee and cost awards shall remain the property of Wells Fargo. If the Effective Date occurs, no more than thirty (30) days after the Effective Date, Wells Fargo shall make payment of any attorney fees and/or costs pursuant to this Paragraph 2.8.1 to Class Counsel directly, and prior to Wells Fargo making this payment, Class Counsel shall provide counsel for Wells Fargo with written payment allocation instructions and the pertinent taxpayer identification numbers and all necessary Form W-9s. Other than any reporting of this fee payment as required by this Stipulation or law, which Wells Fargo shall make, Class Counsel and the Named Plaintiffs shall alone be responsible for the reporting and payment of any federal, state and/or local income or other form of tax on any payment made pursuant to this paragraph. Other than as provided in this Paragraph 2.8.1 for the limited purpose discussed herein, no party shall be deemed the prevailing party for any other purposes of the Litigation.

    2.    The parties agree to the revised Class Notice attached hereto as Exhibit A, and agree that this will replace Exhibit 2 to the Stipulation re: Settlement of Class Action.

-5-

IT IS SO STIPULATED.

THE LAW OFFICE OF CHRISTOPHER Q. DAVIS, PLLC

Dated: September 2, 2016

By: ___/s/ *Christopher Davis*___
        Christopher Davis

Class Counsel and Counsel to Named Plaintiffs


MUNGER, TOLLES & OLSON LLP

Dated: September 2, 2016

By: :___/s/ *Malcolm A. Heinicke*___
        Malcolm A. Heinicke

Counsel for Wells Fargo

# EXHIBIT A

<u>UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK</u>

**If you worked for Wells Fargo or its predecessor Wachovia Securities as a PCG Financial Advisor in New York State at any time between May 11, 2009 and [Approval Date], you may be eligible to become a plaintiff in a lawsuit and receive a payment from a class action settlement.**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

This notice is to notify you of a settlement in a lawsuit filed on September 4, 2014, by former employees Michelle Hartley and Steven Tomlinson ("Plaintiffs") against Wells Fargo Advisors, LLC, and its predecessor Wachovia Securities (collectively "Wells Fargo" or "Defendants"). Plaintiffs claim that Defendants violated the New York Labor Law as well as the federal Fair Labor Standards Act ("FLSA"). Plaintiffs seek, on behalf of themselves and other similar employees, recovery related to alleged deductions from wages as well as allegedly unpaid minimum and overtime wages. Defendants have investigated this matter and have denied any wrongdoing, but have chosen to work with Plaintiffs to resolve this matter to avoid the expense and disruption of litigation. Accordingly, Plaintiffs and Defendants have entered into a settlement agreement described in detail below. This notice explains your options and how you can become a plaintiff in this action and receive a portion of the settlement.

- Defendants have agreed to pay up to $2,460,000 to make settlement payments to the employees. Defendants agreed to settle, but deny any wrongdoing. The Court has not decided who is right and who is wrong.

- The amount of your individual settlement payment will be based on the amount of time you actively worked as a Private Client Group ("PCG") Financial Advisor for Wells Fargo between May 11, 2009 and [Approval Date]. This notice and settlement does not cover "profit formula" Financial Advisors, Financial Advisors in FiNet and Financial Advisors in Training, i.e., FAITs.

- Defendants have also agreed to pay up to $1,340,000 in attorney's fees and costs to the lawyers for the Plaintiffs. The Plaintiff's lawyers have asked the Court to approve payment of $1,300,000 to compensate them for investigating the facts, litigating the case, and negotiating the settlement, and to approve payment of $40,000 for out-of-pocket costs they incurred. Defendants have also agreed to pay up to $20,000 each to Ms. Hartley and Mr. Tomlinson as enhancement payments. Plaintiffs have asked the Court to approve those enhancement payments.

- Your legal rights may be affected whether or not you act. Please review this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **Submit a Claim Form and Join the Lawsuit as a Plaintiff** | You must submit a qualifying claim form and opt into the case as a plaintiff by [INSERT DATE] to receive money from this settlement. |
| **Object** | You can write to the Court about why you do not agree with the settlement. If you object, you must also submit a claim form if you want to receive money from this settlement. Any written objections must be submitted by [INSERT DATE]. You can also ask to speak in Court about the settlement. If the Court rejects your objection, you will still be bound by the terms of the settlement for the claims in this case. |
| **Exclude Yourself** | Get no payment. This is the only option that allows you to ever be part of another lawsuit against Defendants about the legal claims in the case. Question #11 below describes these claims and Question #12 below explains how to exclude yourself. |

31708554.2

| | |
|---|---|
| **Do Nothing** | Get no payment. If you do nothing, you will not receive a payment and you will give up your right to sue Defendants about some of the claims in this case, which are described in Question #11 below. |

- Your rights and options – and the deadlines to exercise them – are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. If you do choose to become a plaintiff and file a claim for payment, please be patient because the approval process will take some time, and even if you qualify to participate as a plaintiff and, the settlement is approved and you are eligible for a payment, such payments will still take several months to process.
- **Please understand that this not a notice of a lawsuit against you. You have not been sued. You are not required to appear in Court in response to this notice.**

## BASIC INFORMATION

### 1. Why did I receive this notice?

You have received this notice because Wells Fargo's records show that you worked as a PCG Financial Advisor at Wells Fargo or its predecessor Wachovia Securities in New York State between May 11, 2009 and [approval date]. The court has already provided preliminary approval for the settlement and permitted this notice to be sent to you. You were sent this notice because you have a right to know about a proposed collective and class action settlement and your options before the Court decides whether to approve the settlement.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The lawsuit, known as *Hartley, et al. v. Wells Fargo & Company, et al.*, No.14-cv-05169, is pending in the United States District Court for the Eastern District of New York. The Honorable Joan M. Azrack, a federal judge, is overseeing this case.

### 2. What is this lawsuit about?

The Plaintiffs are current and former PCG Financial Advisors who worked for Wells Fargo in New York State. The Plaintiffs allege that Defendants subjected PCG Financial Advisors to wage deductions in violation of New York laws (including section 193 of the New York Labor Law and, specifically, section 193 of that law as it operated prior to an amendment in 2012) that apply to employees employed within New York State. The Plaintiffs also allege that Defendants violated New York and federal law, which both provide for minimum wage compensation, premium overtime pay, and other requirements for hourly employees. Specifically, Plaintiffs allege that Defendants should have paid the PCF Financial Advisors minimum wages and overtime wages for hours worked over forty (40) per week, but failed to do so because, according to plaintiffs, Defendants misclassified the PCG Financial Advisors as "white collar" employees who are exempt from minimum wage and overtime requirements.

Defendants vigorously dispute Plaintiffs' claims (including section 193 of the New York Labor Law and, specifically, section 193 of that law as it operated prior to an amendment in 2012) and deny that they violated any laws or did anything wrong. Nevertheless, Defendants chose to work with Plaintiffs and their lawyers to resolve this matter early in the proceedings to avoid the expense and disruption of litigation. The Court has not issued any decision about the merits of this case.

### 3. What is a collective or class action?

Plaintiffs have sought to bring this action as a collective and class action lawsuit. In such lawsuits, one or more employees called the "Class Representatives" seek to sue on behalf of other employees with similar claims. The Class Representatives in this case are Michelle Hartley and Steven Tomlinson.

31708554.2

All of the employees together are called the "Class" and each employee is called a "Class Member." In a class action, one Court resolves the issues for all Class Members, except for those who exclude themselves from the Class. Judge Azrack is in charge of this class action.

The Law Office of Christopher Q. Davis, PLLC, is the "Class Counsel" in this case and represents all of the Class Members.

In order to ensure that all Class Members are given an adequate opportunity to protect their rights, this notice is being mailed to the last known home addresses of all people whom Wells Fargo has identified as Class Members.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. The Plaintiffs think they could have won if they went to trial. The Defendants think the Plaintiffs would not have won anything from a trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the costs, delays, and uncertainties associates with a trial, and the employees affected will get compensation. The Class Representatives and Class Counsel think the settlement is the best result for all potential Class Members.

Class Counsel believes that the terms and conditions of the settlement are fair, reasonable, and adequate and that the settlement is in the best interest of the Class Representatives and the Class Members.

### 5. How do I know if I am part of the settlement?

You are automatically a member of the Class if you worked at Wells Fargo or its predecessor Wachovia Securities as a PCG Financial Advisor in New York State at any time between May 11, 2009 and [approval date]. (This settlement does not cover "profit formula" FAs.) In order to participate in the settlement, however, you must formally become a plaintiff in the action by returning the enclosed Claim Form, which is attached as Form A to this notice. The Claim Form is explained further in Question #8 below. Your participation as a plaintiff in this matter will be a matter of public record, and Wells Fargo can rely on your participation to bar you from pursuing similar claims in the future.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6. What does the settlement provide?

On behalf of the Class Members, Plaintiffs have reached a voluntary settlement agreement with Defendants. Through this settlement, neither Defendants nor any of their affiliates or employees have admitted any liability or wrongdoing. You can request a copy of the complete settlement agreement by contacting Rust Consulting, Inc., [Address], or at [Phone Number].

Defendants have agreed to pay up to $2,460,000 to make settlement payments to the Class Members. Payments to the Class Members will be based on the number of months each Class Member actively worked as a PCG Financial Advisor for Defendants between May 11, 2009 and [approval date] in the State of New York.

As explained later, Defendants have also agreed to pay Class Counsel up to $1,300,000 in attorney's fees, and up to $40,000 in costs they incurred. Class Counsel has asked the Court to approve those payments to compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.

In addition, Defendants have also agreed to pay to the two Class Representatives "enhancement" payments of up to $20,000 each from the settlement fund in recognition of their services to the Class. The Class Representatives have asked the Court to approve these payments. Finally, a portion of the settlement fund will be also used to pay the costs of administering the settlement.

### 7. How much will my payment be if I become a plaintiff in this action?

If you formally become a plaintiff in this action by returning a valid and qualifying Claim Form by **[insert date 45 days after mailing]**, your settlement allocation will be based on the number of months in which you actively worked as a PCG Financial Advisor for Wells Fargo or its predecessor Wachovia Securities in New York between May 11, 2009 and [approval date].

There are a total of [_____] Class Members, and a Class Member who participates in the settlement by timely returning a valid Claim Form will receive, <u>before</u> required withholdings and deductions, approximately [$____.__] dollars for each qualifying month worked as a PCG Financial Advisor in New York during the pertinent period.

Wells Fargo's records demonstrate that you, the Class Member receiving this notification, *actively* worked ____ qualifying work months during the pertinent period as a PCG Financial Advisor in New York. Months in which you were on leave or otherwise not actively working do not count. If you disagree with this number, you must contact Class Counsel or the Claims Administrator prior to [notice response deadline]. If you dispute the number of months stated above but still wish to participate in the settlement while that dispute is resolved, you must submit a Claim Form prior to [notice response deadline].

The Claims Administrator will deduct a portion of your share of the settlement fund to cover legally required taxes and withholdings.

## HOW YOU GET A PAYMENT

### 8. How can I become a plaintiff and get my payment? Will becoming a plaintiff affect my employment with Wells Fargo?

In order to become a plaintiff and receive a payment from this settlement, you must return a qualifying copy of the enclosed Claim Form attached hereto as Form A to the Claims Administrator at Rust Consulting, Inc., [Address] by **[insert date 45 days from mailing this notice]**.

If you choose to exclude yourself from the settlement (as explained in Question #12 below), or you fail to return the Claim Form prior to the deadline, then you will not receive a payment.

The law prohibits Defendants from retaliating against you for participating in the Settlement, or for any actions you take in response to this notice or in regard to the lawsuit. Specifically, state and federal law prohibits Defendants from discharging you or subjecting you to any adverse employment action simply because you have exercised your right to participate in this settlement. Defendants have agreed to abide by this obligation.

### 9. When will I receive my payment?

The Court will hold a hearing on **[insert date of settlement hearing]** to decide whether to approve the settlement. If the Court approves the settlement and there are no appeals, then your payment will be mailed to you within approximately two months of the date in which the Court's approval order and judgment become final.

If you receive a settlement check, you must deposit or cash your settlement check within ninety (90) calendar days after it is mailed to you. If you do not, you will forfeit this money and will still be bound by the settlement.

### 10. How will my payment be taxed?

Twenty-five percent (25%) of your payment will be reported to relevant government entities as a wage payment, and the remaining seventy-five percent (75%) as 1099 non-wage income. Specifically, twenty-five percent (25%) of your payment under this settlement will be subject to required wage withholdings and deductions and an offset for payroll taxes, and so the net amount you receive will be less than the

gross amount of your settlement sum. Wells Fargo reserves the right to make any required withholdings or deductions as required by applicable law, and Wells Fargo will report any payments made pursuant to this settlement to the Internal Revenue Service and any other relevant government entities as required by law.

You will be responsible for any taxes on any payments made pursuant to this settlement. Neither Class Counsel nor Defendants makes any representations concerning the tax consequences of this settlement or your participation in it, and you are advised to seek your own personal tax advice regarding the tax implications of the settlement.

### 11. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself from the settlement (as explained in Question #12 below), you will remain in the Class and will forever release and relinquish any and all Released Claims in this case (as defined in the settlement agreement, including without limitation Unknown Claims but excluding federal FLSA claims). Unless you exclude yourself from the settlement, you will release the Released Claims against Defendants and all of the Defendants' employees, investors, parents, affiliates, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, other related or affiliated entities/persons, and each of the forgoing entities' past or present owners, directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, employee benefit plans, employment benefit plan trustees, fiduciaries, administrators, personal or legal representatives (collectively, "Wells Fargo Releasees").

If you return a Claim Form and become a plaintiff in this matter, you will also release the federal FLSA claims in this case against the Wells Fargo Releasees.

Releasing a claim means that you cannot sue or be party to any other lawsuit against Defendants and the other Wells Fargo Releases about that claim. The settlement agreement contains the complete terms of the release.

Unless you exclude yourself from the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Defendants on your own about all of the legal issues in this case, then you must exclude yourself from the Class. The process of excluding yourself is also sometimes referred to as "opting out" of the settlement.

### 12. How do I opt out of the settlement?

To exclude yourself from the settlement, you must mail a written, signed statement including your name, address, and telephone number(s), and dates of employment with Wells Fargo (or its predecessor Wachovia Securities) to the Claims Administrator, Rust Consulting, Inc., [Insert Address]. This written opt-out statement must be postmarked no later than [insert date 45 days from mailing this notice].

This written statement must include the following language: "I [NAME], was or am employed with Wells Fargo or its predecessor Wachovia Securities as a Private Client Group Financial Advisor between May 11, 2009 and _____[DATE]. I wish to opt out of the Class Action and Settlement in *Hartley, et al. v. Wells Fargo & Company, et al.*, No.14-cv-05169. By doing so, I waive any and all rights I may have to participate in the settlement and to be paid any portion of the settlement."

If you ask to be excluded, you will not become a plaintiff in this action and will not receive a settlement payment and will not be legally bound by anything that happens in this lawsuit. If you wish to exclude yourself in order to file an individual lawsuit against Defendants, you should consult an attorney because your claims are subject to statutes of limitations.

31708554.2

### 13. If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue Defendants and the other Wells Fargo Releasees for the Released Claims in this case (as defined in the settlement agreement, including without limitation Unknown Claims). If you do not submit a Claim Form, then the Released Claims will not include federal FLSA claims. However, if you return a Claim Form, you will give up any rights to sue Defendants and any of the Wells Fargo Releasees for the FLSA claims in this case.

### 14. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this settlement. If you exclude yourself, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding the same claims.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The Court has decided that The Law Office of Christopher Q. Davis, PLLC, 225 Broadway, Suite 1803 New York, New York 10007, (646) 430-7930, is qualified to represent you and all Class Members. These lawyers have been designated as "Class Counsel" in this lawsuit. If you have any questions about this lawsuit you may contact Class Counsel at (646) 430-7930.

If you want to be represented by your own lawyer, you may hire one at your own expense.

Counsel for Wells Fargo is Malcolm Heinicke, Munger, Tolles & Olson LLP, 560 Mission Street, 27th Floor, San Francisco, CA 94105. Do not contact Wells Fargo's counsel with questions about the settlement.

### 16. How will the lawyers be paid?

As part of the settlement agreement, Wells Fargo has agreed to pay the Plaintiffs' lawyers attorney fees and litigation expenses. This payment does not affect the amount of your individual settlement payment and you will not pay those lawyers anything out of your individual settlement payment. Class Counsel has asked the Court to approve payment of up to $1,300,000 in attorneys' fees to compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to approve payment of up to $40,000.00 for their out-of-pocket costs. The Court may award less than these requested amounts to Class Counsel.

In addition to the payment to Class Counsel, Wells Fargo has also agreed to make an "enhancement" payment to each of the Class Representatives beyond what they would receive as a claimant in this action. The two Class Representatives have asked the Court to approve payment of up to $20,000 each to compensation them for their role as the lead plaintiffs and Class Representatives in this matter and also in exchange for a broader release that they will execute to the benefit of Wells Fargo. Class Members like you will *not* be responsible for this payment. The Court decides whether the Class Representatives will receive any enhancement payment and the amount of any such payment.

## OBJECTING TO THE SETTLEMENT

You can tell the Court you don't agree with the settlement or some part of it.

### 17. How do I tell the Court that I don't like the settlement?

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. You can also object to Class Counsel's request for attorneys' fees and costs, and the Class Representatives' requests for enhancement payments. The Court

will consider your views. To object, you must send a written statement to Rust Consulting, Inc., [Address], including all reasons for the objection. The written objection statement must be postmarked no later than **[insert date 45 days from mailing this notice]**. Your written statement must include all reasons for your objection. You will not be permitted to raise issues not included in your statement at the hearing.

### 18. What's the difference between objecting to the settlement and excluding myself?

Objecting is simply telling the Court that you don't like something about the settlement. You can only formally object if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, the settlement in this case no longer affects you.

## THE COURT'S FAIRNESS HEARING

Judge Azrack will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. If you wish to appear at this hearing to state an objection, you must first submit a written objection per the procedures set forth above.

### 19. When and where will the Court decide whether to approve the settlement?

Judge Azrack will hold a Fairness Hearing on [Insert Date], in Courtroom [Insert Room Number] at the United States District Court for the Eastern District of New York, Brooklyn Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201. You may attend and you may ask to speak, but you don't have to. <u>You need not attend this hearing or take any part in it to submit a claim for payment.</u>

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. The Court will also consider how much to pay Class Counsel. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court's decision will take. The date and time of the Fairness Hearing may be changed by the Court. If you wish to be informed of any such changes, you must contact Class Counsel.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer questions that Judge Azrack may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court. As long as you mailed your written objection on time, the Court will consider it.

### 21. May I speak at the hearing?

If you file a timely written objection to the settlement per the procedures above, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include the words "I intend to appear at the Fairness Hearing" in your written objection, which must be filed according to the procedure described in Question #17 above. Your testimony at the Fairness Hearing will be limited to those reasons that are included in your written objection.

## IF YOU DO NOTHING

### 22. What happens if I do nothing at all?

If you do nothing, you will not become a plaintiff in this action and you will get no money from this settlement. Also, unless you exclude yourself, you will not be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Defendants about the Released Claims in this case (as defined in the settlement agreement, including without limitation Unknown Claims but excluding federal FLSA claims), ever again. Specifically, you will release the claims under New York law (including the claims under section 193 of the New York Labor law) that are at issue here.

31708554.2

# CORRECTIONS TO NAME OR ADDRESS

### 23. What if I need to change the name or address listed on this notice?

If your name or address changes, you should complete, execute, and mail the form entitled "Change of Name and/or Address Information" that is attached to this notice as Form B. If you submit a Claim Form and your address changes, you should submit this change of address form. If you don't, you may not receive your payment under the settlement. As explained earlier, all settlement checks must be cashed or deposited within ninety (90) days of mailing.

# GETTING MORE INFORMATION

### 24. Are more details available?

This notice summarizes the proposed settlement for the Class Members. More details are available in the settlement agreement. You can request a copy of the complete settlement agreement by contacting Rust Consulting, Inc., [Address], or at [Phone Number]. You may also obtain information about this action and settlement by referring to the court papers filed in this action, which may be inspected at the Office of the Clerk of the Court, United States District Court for the Eastern District, Long Island Courthouse, 100 Federal Plaza, Central Islip, New York 11722, during regular business hours. Court documents are also available through https://www.pacer.gov.

If you have any additional questions about this lawsuit you may contact Class Counsel at 225 Broadway, Suite 1803, New York, NY 10007 or at 646-430-7930.

# FORM A

# CLAIM FORM

Pursuant to the Notice to Class Members, I hereby wish to become a plaintiff in this action pursuant to the procedures for opting into this action under the Fair Labor Standards Act. I further certify that I am eligible to participate in this settlement because I was employed by Wells Fargo, or its predecessor Wachovia Securities, at some point between May 11, 2009 and [approval date] as a Private Client Group Financial Advisor in New York State.

I further confirm that (check one):

\_\_ I was employed by Wells Fargo, or its predecessor Wachovia Securities, at some point between May 11, 2009 and [approval date] as a Private Client Group Financial Advisor in New York State, and I (a) was subject to deductions from my wages for promissory note loan recovery, expenses for staff support or other costs associated with employment; or (b) worked more than forty hours per week on a regular and consistent basis during this period; or (c) both.

\_\_ I was not employed by Wells Fargo, or its predecessor Wachovia Securities, at some point between May 11, 2009 and [approval date] as a Private Client Group Financial Advisor in New York State, or if I was so employed, I (a) was not subject to deductions from my wages for promissory note loan recovery, expenses for staff support or other costs associated with employment; and (b) did not work more than forty hours per week on a regular and consistent basis during this period. NOTE: IF YOU CHECK THIS SECOND BOX, YOU WILL NOT RECEIVE A SETTLEMENT PAYMENT.

I further acknowledge that I understand and agree that by exercising this option and submitting this form, my recovery, if I am eligible for it, will be the gross amount calculated to the settlement formula. This means that I will receive my individual number of qualifying work months listed in the notice multiplied by the pertinent settlement sum variable (minus the withholdings required by federal and state law), and nothing further. I also understand that by not electing to opt out of this settlement, I will be subject to the judgment and will be precluded

from pursuing any Released Claims (including FLSA claims, and without limitation, Unknown Claims), as defined in the settlement agreement. I hereby confirm that the foregoing is true and accurate to the best of my knowledge.

Name of Class Member (print): _____

Address: _____

City, State and Zip Code: _____

Date: _____

Signature: _____

For purposes of verification only, I began working at Wells Fargo (or its predecessor Wachovia Securities) in _____, _____.
                                                          (Month)    (Year)

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:
Rust Consulting, Inc.
Re: Hartley Matter
P.O. Box ____, Minneapolis, MN 55440-9407

**THIS FORM MUST BE POSTMARKED NO LATER THAN _____, 2016 TO BE VALID AND EFFECTIVE**

31708554.2

## FORM B

## Change of Name and/or Address Information

Pursuant to this Notice to Class Members, I wish to change my name and/or mailing address information to the following:

Name: _____

Street and Apt. No, if any: _____

City, State and Zip Code: _____

For purposes of verification only, the last four digits of my Social Security Number are: _____.

I understand that all future correspondence in this action, including important notices or settlement payments, will be sent to the name and/or address listed above and not to the name and/or address previously used. I hereby request and consent to the use of the name and/or address listed above for these purposes.

DATED: _____  Submitted By:

_____
Print Name

_____
Signature

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:
Rust Consulting, Inc.
Re: Hartley Matter
P.O. Box ____, Minneapolis, MN 55440-9407

**THIS FORM MUST BE POSTMARKED NO LATER THAN _____, 2016**

31708554.2