**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHELLE F. HARTLEY, STEVEN TOMLINSON, individually and on behalf of all others similarly situated, and MARIA DEGENNERO,<br><br>        Plaintiffs,<br><br>        vs.<br><br>WELLS FARGO & COMPANY; WACHOVIA SECURITIES FINANCIAL HOLDINGS, LLC; and WELLS FARGO ADVISORS, LLC, as successor in interest to Wachovia Securities, LLC,<br><br>        Defendants. | Civil Action No. 14-cv-5169 (JMA) (ARL)<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL AND SETTLEMENT HEARING** |

The joint motion of the Settling Parties for an order preliminarily approving a class action settlement and setting a settlement hearing, ~~came on for hearing on~~ _____, 2015. The Court has considered the Stipulation Re: Settlement of Class Action (and its exhibits), the submissions of counsel, and all other papers filed in this action, including Stipulation Re: Amendments to Settlement of Class Action, ECF No. 53. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

I. **Background and Procedural History**

1. All defined terms contained herein shall have the same meanings as set forth in the Stipulation Re: Settlement of Class Action executed by the Settling Parties and filed with this Court (the "Stipulation").

2. The Named Plaintiffs and Wells Fargo, through their counsel of record in the Litigation, have reached an agreement to settle all Released Claims and resolve the above-captioned Litigation, which is currently pending before this Court.

3. The Named Plaintiffs in this action allege that Wells Fargo (a) subjected its Financial Advisors to wage deductions in violation of New York Labor Law ("NYLL") section 193; and (b) misclassified them as exempt employees and therefore, *inter alia*, failed to pay them minimum wages and/or premium overtime wages in violation of the Fair Labor Standards Act ("FLSA") and NYLL.

4. On September 3, 2014, Named Plaintiffs Michelle Hartley, on behalf of herself and others similarly situated to her, and Maria DeGennero filed the initial Class Action Complaint. (ECF No. 1.) On October 6, 2014, Wells Fargo filed a pre-motion conference letter with the Court seeking leave to file a Rule 12(b)(6) motion for dismissal of the Named Plaintiffs' FLSA and NYLL section 193 claims. (ECF No. 13.) On October 27, 2014, Named Plaintiffs filed their Amended Class Action Complaint, which added Steven Tomlinson as a Named Plaintiff and Class Representative. (ECF No. 15.) Both Complaints were pled as a putative collective action under 20 U.S.C. § 216(b), bringing claims for minimum wages and overtime wages under the FLSA, and as a putative class action under Rule 23, Federal Rules of Civil Procedure, bringing claims for minimum wages, overtime wages, and deductions from wages

- 1 -

under the NYLL. (ECF Nos. 1, 15.) On November 10, 2014, Wells Fargo renewed its pre-motion conference letter with the Court, again seeking leave to file a Rule 12(b)(6) motion for dismissal of the Named Plaintiffs' FLSA and NYLL section 193 claims. (ECF No. 19.) The Court subsequently waived the pre-motion conference requirement on November 24, 2014 and granted Wells Fargo leave to move to dismiss. This settlement will result in the dismissal without prejudice of the Named Plaintiffs' FLSA claims for putative class members outside of New York – in other words, the settlement for which preliminary approval is provided herein is for current and former employees who worked for Wells Fargo in New York state only.

## II. Preliminary Approval of Settlement

5. Based upon the Court's review of the Settling Parties' Memorandum of Law in Support of Joint Motion for Preliminary Approval of Class Settlement, the Davis and Rotman Declarations, and other materials submitted in connection with the Settling Parties' Joint Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Stipulation. (*See* ECF Nos. 38-42, 53.)

6. The Settling Parties agreed to settle this case for a Gross Settlement Amount of $3,900,000.00. (Stipulation ¶ 1.15.) The Gross Settlement Amount covers the Maximum Settlement Portion for Payments to Participating Claimants, enhancement payments to Class Representatives, administration fees and costs, Wells Fargo's share of Payroll Taxes, and Class Counsel's fees and costs. (Stipulation ¶ 1.15.) The Maximum Settlement Portion for Payments to Participating Claimants will be $2,460,000. (Stipulation ¶¶ 1.15, 2.2.1.)

7. In order to receive a Settlement Sum payment from the Maximum Settlement Portion for Payments to Participating Claimants, a Class Member must become a Participating Claimant by submitting a Qualifying Settlement Claim Certification Form before the Response Deadline. (Stipulation ¶¶ 1.26, 1.31, 2.1.3.) Those portions of the Maximum Settlement Portion for Payments to Participating Claimants that are not claimed shall remain the property of or revert to Wells Fargo. (Stipulation ¶ 2.1.3.)

8. The Settlement Sum allocated to any Participating Claimant who fails to cash his or her check for more than ninety (90) days after such payments are issues shall remain

- 2 -

the property of or revert to Wells Fargo. (Stipulation ¶ 2.6.3.) Such funds represent settlement payments for matters disputed in good faith, not uncontested wage payments, and they shall not be subject to escheat rules, *cy pres*, or other distribution not provided in the Settlement Agreement. (Stipulation ¶ 2.6.3.)

9. A Participating Claimant's Settlement Sum shall be the product of his or her Settlement Sum Variable multiplied by the number of Qualifying Work Months worked by him or her. (Stipulation ¶ 1.38.) The Settlement Sum Variable shall be the quotient of the Maximum Settlement Portion for Payments to Participating Claimants divided by the total number of Qualifying Work Months worked by Class Members. (Stipulation ¶ 1.39.) A Qualifying Work Month is any full calendar month in which a Class Member was actively employed by Wells Fargo or its predecessor Wachovia Securities in New York as a Private Client Group Financial Advisor during the Class Period of May 9, 2011, through the date of this Order. (Stipulation ¶¶ 1.5, 1.10, 1.32.)

10. The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In exercising this discretion, courts should give "proper deference to the private consensual decision of the parties." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002).

11. Preliminary approval, which is what the Settling Parties seek here, is the first step in the settlement process. It simply allows notice to issue to the Class and for Class Members to submit Claim Forms or object or Opt Out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input.

12. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 179 (S.D.N.Y. 2014). To grant preliminary approval, the Court need only find that there is "'probable

- 3 -

cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n E. R.Rs.*, 627 F.2d 631, 634 (2d Cir. 1980). If, after a preliminary evaluation of the proposed settlement, the Court finds that it "appears to fall within the range of possible approval," the Court should order that the class members receive notice of the settlement. *See Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 33 (E.D.N.Y. 2006).

13. The Court concludes that the proposed Stipulation (including the allocation formula in the Stipulation) is within the range of possible final settlement approval. Therefore, notice to the Class is appropriate.

14. The Court finds that the Stipulation is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

15. David Rotman, Esq., a professional mediator who specializes in wage and hour law, assisted the parties with settlement and presided over a full-day mediation session. This reinforces the non-collusive nature of the Stipulation. *See Clem v. Keybank, N.A.*, No. 13 Civ. 789 (JCF), 2014 WL 2895918, at *5 (S.D.N.Y. June 20, 2014) (citing participation of mediator David Rotman, "a well-known and experienced mediator in wage and hour law," in approval of FLSA class action settlement); *O'Dell v. AMF Bowling Ctrs, Inc.*, No. 09-cv-759 (DLC), 2009 WL 6583142, at *1 (S.D.N.Y. Sept. 18, 2009) ("The assistance of a well-known employment mediator . . . reinforces that the Settlement Agreement is non-collusive.").

### III. Conditional Certification of the Proposed Rule 23 Settlement Class

16. Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a class settlement, ensuring notification of all class members of the terms of the proposed settlement, and setting the date and time of the final approval hearing. *See, e.g., Westerfield v. Wash. Mut. Bank*, Nos. 06-CV-2817 (CBA) (JMA), 08-CV-00287 (CBA) (JMA), 2009 WL 6490084 (E.D.N.Y. June 26, 2009) (conditionally certifying a multi-stage wage and hour settlement class and granting preliminary approval to wage and hour settlement).

17. The Court provisionally certifies the following Class under Federal Rule of Civil Procedure 23, for settlement purposes:

> all Persons who were employed by Wells Fargo, or its predecessor Wachovia Securities, in the State of New York as a Private Client Group Financial Advisor between May 11, 2009 and [Preliminary Approval Date].

18. Wells Fargo has agreed not to contest, for the purpose of achieving settlement only, that the requirements for class certification under Federal Rule of Civil Procedure 23 have been met. On that basis, the Court conditionally finds that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation, including no effect on the Litigation should the Stipulation not ultimately be approved or should the Effective Date not occur (and recognizing the Named Plaintiffs have waived the right to claim any such effect and are estopped from doing so), Class Representatives and the proposed Class meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). Subject to qualification:

    a. Class Representatives and the proposed Class satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 1,150 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members . . . .").

    b. Class Representatives and the proposed Class satisfy Federal Rule of Civil Procedure 23(a)(2) because Class Representatives and the Class Members share common issues of fact and law, including whether Wells Fargo violated the wage and hour laws by failing to pay minimum wages or overtime wages for hours worked over forty (40) in a given workweek, or subjecting its Financial Advisors to wage deductions. *See Reyes v. Buddha-Bar NYC*, No. 08-CV-02494 (DF), 2009 WL 5841177, at *2 (S.D.N.Y. May 28, 2009).

    c. Class Representatives and the proposed Class satisfy Federal Rule of Civil Procedure 23(a)(3) because Class Representatives' claims for minimum wages, overtime pay, and wage deductions arise from the same factual and legal circumstances that form the bases

of the Class Members' claims. *See Westerfield*, 2009 WL 6490084, at *2; *Reyes*, 2009 WL 5841177, at *2.

        d.      Class Representatives and the proposed Class satisfy Federal Rule of Civil Procedure 23(a)(4) because Class Representatives' interests are not antagonistic or at odds with Class Members. *See Toure v. Cent. Parking Sys. of N.Y.*, No. 05-CV-5237 (WHP), 2007 WL 2872455, at *7-8 (S.D.N.Y. Sept. 28, 2007); *Martens v. Smith Barney, Inc.*, 181 F.R.D. 243, 259 (S.D.N.Y. 1998) ("'[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status.'"). Class Representatives' counsel also meet the adequacy requirement of Rule 23(a)(4) because they have substantial experience handling large scale wage and hour class and collective actions.

        e.      Class Representatives and the proposed Class also satisfy Federal Rule of Civil Procedure 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among Class Members. *See Reyes*, 2009 WL 5841177, at *3. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class Members, particularly those who lack the resources to bring their claims individually. *See id.*

## IV. Appointment of Plaintiffs' Counsel as Class Counsel

19. The Court appoints The Law Office of Christopher Q. Davis, PLLC, as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (explaining Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class.").

20. Class Counsel did substantial work identifying, investigating, and settling Named Plaintiffs' and the Class Members' claims. (_____ Decl. ¶ __.)

21. The Law Office of Christopher Q. Davis, PLLC, are skilled and experienced employment class action lawyers. They have extensive experience prosecuting and

- 6 -

settling wage and hour class and collective actions. (_____ Decl. ¶ \_\_.) The work that Named Plaintiffs' counsel has performed both in litigating and settling these cases demonstrates their commitment to the Class and to representing the Class's interests.

V. **Notice**

22. The Court approves the Notice To Class Members Re: Pendency of a Class Action ("Class Notice") ~~attached to the Settlement Agreement as Exhibit~~ filed at ECF No. 53.

23. The content of the Class Notice fully complies with due process, Federal Rule of Civil Procedure 23, and FLSA § 216(b).

24. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> The best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

25. The Class Notice states each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) ("[S]ettlement notices need only describe the terms of the settlement generally."). The Class Notice is appropriate because it describes the terms of the settlement, informs the Class Members about the allocation of attorney fees, and provides specific information regarding the date, time, and place of the final approval hearing.

26. The Class Notice is reasonable and constitutes due, adequate, and sufficient notice to the Class Members.

27. The Court hereby adopts the following settlement approval process, which safeguards Class Members' procedural due process rights, enables the Court to fulfill its role as the guardian of class interests, and is consistent with the standard procedure for evaluating class action settlements. *See* Fed. R. Civ. P. 23(e); *Damassia v. Duane Reade, Inc.*, Nos. 04-cv-08819

- 7 -

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL

(GEL), 06-cv-02295 (GEL), 2009 WL 5841128 (S.D.N.Y. July 27, 2009) (granting final approval of class action settlement after preliminary approval, notice, and fairness hearing).

   a. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Stipulation is preliminarily approved and the Class is provisionally certified.

   b. Notice of the proposed settlement, and the rights of Class Members to opt out of, or object to, the settlement or become a Participating Claimant, shall be given by mailing of the Class Notice by first class mail, postage prepaid, to all Class Members pursuant to the applicable provisions in the Stipulation and postmarked by the Claims Administrator on or before the Notice Mailing Deadline. *and ECF No. 53*

   c. Wells Fargo shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Stipulation *and ECF No. 53* (including but not limited to each Class Member's name, last known address, social security numbers, and total number of Qualifying Work Months worked for Wells Fargo in New York as a Private Client Group Financial Advisor) for settlement purposes, and is hereby authorized to do so per the terms of the Stipulation *and ECF No. 53*. This information will be provided only to the Claims Administrator and will be treated as confidential information to be used for settlement purposes only by the Claims Administrator.

   d. Class Members will have until the Notice Response Deadline to submit an Opt Out form and/or to object to the settlement. Written objections by Class Members to the proposed settlement will be considered by the Court if postmarked on or before the Notice Response Deadline.

   e. In order to become a Participating Claimant and receive a Settlement Sum, Class Members will have until the Notice Response Deadline to submit a Qualifying Settlement Claim Certification Form.

   f. A final fairness hearing shall be held before this Court on *a date to be determined* to consider whether the settlement should be given final approval by the Court (the "Settlement Hearing").

g. Prior to the Settlement Hearing, the parties shall file a joint motion for final approval of the settlement, and the Named Plaintiffs and Class Counsel shall file its motion for attorney fees, costs, and enhancement awards.

h. At the Settlement Hearing, Class Members may be heard orally in support of the settlement, or in opposition to the settlement, provided they submitted a timely written objection on or before the Notice Response Deadline and include the words "I intend to appear at the Fairness Hearing" in their written objection.

i. Class Counsel and counsel for Wells Fargo should be prepared at the hearing to respond to objections filed by Class Members, if any, and to provide other information as appropriate, bearing on whether or not the settlement should be approved.

j. If the Court Grants the Motion for Final Approval of the Settlement, the Court will issue an Order Granting Final Approval of Settlement and a Judgment dismissing the Litigation.

k. Wells Fargo shall send the Settlement Sum for each Participating Claimant to the Claims Administrator upon the Effective Date of the Judgment following the Order of Final Approval.

l. The Claims Administrator will mail out to each Participating Claimant his or her relevant Settlement Sum within sixty (60) days of, and only after, the Effective Date of the Judgment (as defined in the Stipulation).

m. Checks issued to Participating Claimants pursuant to the Stipulation will remain negotiable for a period of at least ninety (90) days from the date of mailing. In the event that any checks are not properly or timely negotiated, the funds associated with those checks shall remain the property of Wells Fargo and shall not be owed to any Person other than Wells Fargo.

n. In the event that the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Stipulation shall be deemed null and void and shall have no effect whatsoever.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 9/30/2016          /s/ (JMA)
                          The Honorable Joan M. Azrack
                          United States District Judge