**Exhibit 1**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE F. HARTLEY, STEVEN TOMLINSON, individually and on behalf of all others similarly situated, and MARIA DEGENNERO, <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO & COMPANY; WACHOVIA SECURITIES FINANCIAL HOLDINGS, LLC; and WELLS FARGO ADVISORS, LLC, as successor in interest to Wachovia Securities, LLC, <br><br> Defendants. | Civil Action No. 14-cv-5169 <br><br> **STIPULATION RE: SETTLEMENT OF CLASS ACTION;** <br><br> **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL AND SETTLEMENT HEARING (EXHIBIT 1);** <br><br> **[PROPOSED] NOTICE TO CLASS MEMBERS (EXHIBIT 2);** <br><br> **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT (EXHIBIT 3); AND** <br><br> **[PROPOSED] JUDGMENT (EXHIBIT 4)** |

IT IS HEREBY STIPULATED AND AGREED by and between Settling Parties MICHELLE F. HARTLEY and STEVEN TOMLINSON (as Class Representatives), on behalf of themselves, and all others similarly situated, and MARIA DEGENNERO, on the one hand, and WELLS FARGO & COMPANY, WACHOVIA SECURITIES FINANCIAL HOLDINGS, LLC, and WELLS FARGO ADVISORS, LLC (collectively, "Wells Fargo"), on the other hand, as set forth below:

## I.       The Conditional Nature of This Stipulation.

This Stipulation re: Settlement and all associated exhibits or attachments (herein "Stipulation") is made for the sole purpose of attempting to consummate settlement of this action on a class-wide basis.  This Stipulation and the settlement it evidences is made in compromise of disputed claims.  Because this action was pled as a class and collective action, this settlement must receive preliminary and final approval by the Court.  Accordingly, the Settling Parties enter into this Stipulation and associated settlement on a conditional basis.  In the event that the Court does not execute and file the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become Final for any reason, which is incapable of resolution though consent of the Settling Parties, this Stipulation shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms, and entry of the Stipulation shall remain subject to the provisions of Federal Rule of Evidence 408, New York Civil Practice Law and Rules § 4547, the mediation privilege, and similar rules of other jurisdictions.

Wells Fargo denies all of the claims as to liability, damages, penalties, interest, fees, restitution and all other forms of relief as well as the class and collective action allegations asserted in the Litigation.  Wells Fargo has agreed to resolve this Litigation via this Stipulation, but to the extent this Litigation continues, this Stipulation is deemed void, or the Effective Date otherwise does not occur, Wells Fargo does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class or collective action treatment

on any grounds or assert any and all defenses or privileges.  The Named Plaintiffs and Class Counsel agree that Wells Fargo retains and reserves these rights, and agree not to take positions to the contrary; specifically the Class Representatives and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that Wells Fargo could not contest class or collective action certification on any grounds if this Litigation were to proceed.

## II.     The Parties to this Stipulation.

This Stipulation (with the associated exhibits) is made and entered into by and among the following Settling Parties: (i) Michelle Hartley and Steven Tomlinson (on behalf of themselves and each of the Settlement Class Members), and Maria DeGennero (on her own behalf), with the assistance and approval of Class Counsel; and (ii) Wells Fargo, with the assistance of its counsel of record in the Litigation.  The Stipulation is intended by the Settling Parties to conclude the Litigation and to fully, finally, and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions hereof.

## III.    The Litigation.

On September 3, 2014, Michelle Hartley, on behalf of herself and others similarly situated to her, and Maria DeGennero filed this action alleging that Wells Fargo violated certain state and federal employment laws, including without limitation the federal Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), by, *inter alia*, purportedly (1) misclassifying its Financial Advisors as "exempt" employees, *i.e.*, employees who are exempt under New York and/or federal law from minimum wage compensation, overtime pay, and other wage and hour requirements imposed on employees who do not qualify for the outside or inside/commissioned salesperson exemptions, or the executive, administrative, or professional exemptions under federal and/or state law; and (2) subjecting its Financial Advisors to wage deductions for assistant pay, trading errors, and loan repayments in violation of NYLL section 193.

In response, Wells Fargo filed a pre-motion conference letter with the Court on October 6, 2014, seeking leave to file a Rule 12(b)(6) motion for dismissal of the Plaintiffs'

FLSA and NYLL section 193 claims.  Named Plaintiffs subsequently filed an amended complaint on October 27, 2014, which added Steven Tomlinson as a lead plaintiff and Class Representative and revised and specified the Named Plaintiffs' NYLL section 193 claims.  On November 10, 2014, Wells Fargo renewed its pre-motion conference letter with the Court, once again seeking leave to file a Rule 12(b)(6) motion for dismissal of the Named Plaintiffs' FLSA and NYLL section 193 claims.  Subsequently, the Court waived the pre-motion conference requirement, granted Wells Fargo leave to move to dismiss, and instructed the parties to submit a proposed briefing schedule.

Following the Court's order, the parties, through counsel experienced in these types of cases, agreed to mediate the Litigation.  On May 14, 2015, the Settling Parties engaged in an extensive, arms-length negotiation facilitated by a professional mediator who specializes in wage and hour law, David Rotman, Esq.  As part of this process, the Settling Parties exchanged a significant amount of documents and information.  At the conclusion of the full-day mediation session, the parties reached the agreement reflected herein.

This Stipulation is intended to result in the creation of a class of current and former Wells Fargo employees who worked as Financial Advisors in New York, and as such, this Stipulation will result in the dismissal and release of all Released Claims for all Class Members.  This Stipulation will not result in the settlement of any claims by current and former Wells Fargo employees who worked as Financial Advisors exclusively outside of New York.

**IV.    Defendants' Denial of Wrongdoing or Liability.**

Wells Fargo and the Wells Fargo Releasees deny all of the claims and contentions alleged by the Named Plaintiffs in the Litigation.  Nonetheless, Wells Fargo has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Wells Fargo has also taken into account the uncertainty and risks inherent in any litigation, especially in multi-party, putative class action cases like this Litigation.

Wells Fargo has therefore determined that it is desirable and beneficial to it that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

**V.      Claims of The Named Plaintiffs and Benefits of Settlement.**

The Named Plaintiffs and Class Counsel believe that the claims asserted in the Litigation have merit and that evidence developed to date supports the claims.  However, the Named Plaintiffs and Class Counsel recognize and acknowledge the expense and length of the type of continued proceedings necessary to prosecute the Litigation against Wells Fargo through trial and through appeals.  The Named Plaintiffs and Class Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in multi-party, putative class action cases such as this Litigation, as well as the difficulties and delays inherent in such litigation.  Based upon their evaluation, the Named Plaintiffs and Class Counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Named Plaintiffs and the Settlement Class.

**VI.     Terms of Stipulation and Agreement of Settlement.**

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED by and between the Named Plaintiffs (for themselves and the Settlement Class Members) and Wells Fargo, with the assistance of their respective counsel or attorneys of record, that, as among the Settling Parties (including all Settlement Class Members), the Litigation and the Released Claims shall be finally and fully compromised, settled, and released as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation and the Judgment.

1.      <u>Definitions.</u>

As used in all parts of this Stipulation, the following terms have the meanings specified below:

1.1      "Claims Administrator" means the third-party claims administration firm of Rust Consulting, Inc.

      1.2     "Class" means the collective group of Persons who were employed by Wells Fargo, or its predecessor Wachovia Securities, in New York as a Financial Advisor during the Class Period.  The Class consists of approximately 1,150 individuals.

      1.3     "Class Counsel" means The Law Office of Christopher Q. Davis, PLLC.

      1.4     "Class Member" or "Member of the Class" means a Person who is a member of the Class.

      1.5     "Class Period" means the period from and including (a) May 11, 2009 through and including (b) the Preliminary Approval Date.

      1.6     "Class Representatives" means Michelle Hartley and Steven Tomlinson.

      1.7     "Court" means the United States District Court for the Eastern District of New York.

      1.8     "Effective Date" means the date on which the Judgment becomes Final.

      1.9     "Final" means the latest of:  (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment.  Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees or costs shall not, by itself, in any way delay or preclude the Judgment from becoming Final, except as to the issue of attorneys' fees and/or costs at issue in the appeal.

      1.10     "Financial Advisor" means a Person who is or was employed by Wells Fargo, or its predecessor Wachovia Securities, in any position classified as exempt (as opposed to non-exempt, hourly) bearing the title "Financial Advisor" in Wells Fargo's Private Client Group as that term was used in Wells Fargo's operations.  The Settling Parties agree that Financial Advisors are also sometimes referred to as "FAs," and that for purposes of this Stipulation, the term Financial Advisor does not include "profit formula" FAs, FAs in FiNet, or Financial Advisor Trainees.

1.11    "Judgment" means the judgment to be rendered by the Court pursuant to this Stipulation, substantially in the form attached hereto as Exhibit 4.  "Approval Date" shall mean the date the Judgment is entered.  The Judgment shall be deemed a separate document and valid judgment pursuant to Federal Rule of Civil Procedure 58.

1.12    "Last Known Address" or "Last Known Addresses" means the most recently recorded home mailing address for a Class Member as such information is contained in employment or personnel records maintained by Wells Fargo.

1.13    The "Litigation" or the "Lawsuit" shall mean the lawsuit captioned *Michelle F. Hartley, et al. v. Wells Fargo & Company, et al.*, Case No. 2:14-cv-05169-JMA-ARL, in the United States District Court for the Eastern District of New York.

1.14     "Maria DeGennero" means Maria DeGennero, a Named Plaintiff in the Litigation.

1.15    "Gross Settlement Amount" shall mean the maximum gross amount that Wells Fargo shall pay under the terms of this Stipulation, which is $3,900,000.00.  The specific components of this Gross Settlement Amount are: (a) the Maximum Settlement Portion for Payments to Participating Claimants, which will be $2,460,000.00; (b) all of the attorney fees for Class Counsel as approved by the Court, which shall not exceed thirty-three and one-third percent of the Gross Settlement Amount (and assuming maximum allocation will be $1,300,000.00); (c) all allowable litigation costs and associated litigation expenses, which shall be in the maximum amount of $40,000.00; (d) claims administration costs, which are estimated to be in the amount of $60,000.00; and (e) enhancement payments to Class Representatives Michelle Hartley and Steven Tomlinson, which shall be in the maximum amount of $20,000.00 each.  With respect to the Maximum Settlement Portion for Payments to Participating Claimants, the Parties have developed and agreed to a formula that results in the complete distribution of that Maximum Settlement Portion for Payments to Participating Claimants if, but only if, the Class Representatives and all Class Members become Participating Claimants. If fewer than all Class Representatives and all Class Members become Participating Claimants,

then the residual of that portion of the Maximum Settlement Portion for Payments to Participating Claimants not claimed shall revert to Wells Fargo.  If the Court awards less than the maximum amount allowable for attorneys' fees, costs, and enhancement payments, then the reduced amount of such awards will revert to Wells Fargo.  It is therefore understood and agreed that under the terms of this Stipulation, Wells Fargo will pay less than this Gross Settlement Amount if fewer than all Class Members become Participating Claimants, but Wells Fargo will not under any circumstances pay more than this Gross Settlement Amount.  If the Court awards less than the maximum amount allowable for attorney fees, costs, and enhancement payments, then the reduced amount of such awards will remain the property of or revert to Wells Fargo.

 1.16 "Maximum Settlement Portion for Payments to Participating Claimants" shall mean the total gross amount that shall be paid by Wells Fargo to Participating Claimants if all Class Members submit Qualifying Settlement Claim Certification Forms.

 1.17 "Michelle Hartley" means Michelle F. Hartley, a Class Representative and Named Plaintiff in the Litigation.

 1.18 "Named Plaintiffs" means Michelle Hartley and Steven Tomlinson (both individually and as Class Representatives) and Maria DeGennero (individually), the lead and named plaintiffs in the Litigation.

 1.19 "Non-Settlement Class" consists of or means all Class Members who properly and timely elect to opt out of the Settlement Class by submitting Opt Outs pursuant to Paragraph 2.5.2 of this Section VI of the Stipulation.

 1.20 "Non-Settlement Class Member" or "Member of the Non-Settlement Class" means a Person who is a member of the Non-Settlement Class.

 1.21 "Notice Re: Pendency of Class Action" or "Notice To Class Members Re: Pendency of a Class Action and Notice of Hearing On Proposed Settlement" or "Class Notice" means a notice (and associated response forms) entitled "Notice To Class Members

Re: Pendency of a Class Action and Notice of Hearing On Proposed Settlement" to be approved by the Court, substantially in the form attached hereto as Exhibit 2.

1.22    The "Notice Mailing Deadline" shall be the date thirty (30) days after the Preliminary Approval Date.

1.23    The "Notice Response Deadline" shall be the date forty-five (45) days after the Class Notice is mailed to the Class Members by the Claims Administrator.

1.24    "Opt Out" or "Opt Outs" means written and signed requests by Class Members stating their intent to be excluded from the Settlement Class.

1.25    "Order of Final Approval" or "Order Granting Final Approval of Settlement" shall mean an order to be entered and filed by the Court entitled "Order Granting Final Approval of Settlement," substantially in the form attached hereto as Exhibit 3.

1.26    "Participating Claimant" or "Participating Claimants" means each Member of the Settlement Class who submits a Qualifying Settlement Claim Certification Form in response to the Notice re: Pendency of Class Action.

1.27    "Payroll Taxes" means the payroll taxes and associated payments that an employer is required to make when making standard wage payments to employees, *i.e.*, the employer share of the payroll tax.

1.28    "Person" means a natural person.

1.29    "Preliminary Approval Date" shall mean the date on which the Court enters the Preliminary Approval Order.

1.30    "Preliminary Approval Order" or "Order Granting Preliminary Approval for the Settlement and Setting a Settlement Hearing" shall mean an order to be executed and filed by the Court entitled "Order Granting Preliminary Approval of Settlement and Setting a Settlement Hearing," substantially in the form attached hereto as Exhibit 1.

1.31    A "Qualifying Settlement Claim Certification Form" or "Qualifying Claim Form" shall mean a Settlement Claim Certification Form that is completed, confirms a Class Member's eligibility to participate in the Settlement by confirming that the Class

Member was subject to wage adjustments or deductions, and/or regularly worked overtime; is properly executed; and is timely returned to the Claims Administrator, *i.e.*, mailed with a postmark on or before the Notice Response Deadline.

        1.32    A "Qualifying Work Month" is any full calendar month in which a Class Member was actively employed by Wells Fargo or its predecessor Wachovia Securities in New York as a Financial Advisor during the Class Period.  The Settling Parties agree that the maximum number of Qualifying Work Months possible for a Class Member is approximately 88, *i.e.*, assuming the Class Member worked as a Financial Advisor in New York during the entire Class Period, and assuming the Preliminary Approval Date was August 11, 2015, though the Settling Parties understand it will be later.  The Settling Parties agree that the total number of Qualifying Work Months worked by the Class will be approximately 58,200, depending on the timing of the Preliminary Approval Date.

        1.33    "Released Claims" shall collectively mean any and all claims, including without limitation Unknown Claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, including without limitation statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, whether arising under federal or state or other law, against the Wells Fargo Releasees, or any of them, accruing prior to the Approval Date and arising out of the Class Member's employment as a Financial Advisor by any Wells Fargo Releasee, for (1) failure to pay any types of wages, including without limitation minimum hourly, minimum salary, regular, straight-time, over-time, premium, or "gap time" wages, and any and all associated remedies, including without limitation unpaid wages, damages, liquidated damages, punitive damages, penalties, interest, attorney fees, litigation costs, restitution, equitable relief, and any other remedies, under the NYLL, the FLSA,[1] the Portal to Portal Act, or any other applicable state,

---

[1] Although all other Released Claims are released by all Settlement Class Members, the Settling Parties agree that FLSA claims for unpaid wages are released with respect to Participating Claimants only.

federal, or local law; (2) deductions, withholdings, or downward adjustments from wages and/or loan recovery, and any and all associated remedies, including without limitation unpaid wages, damages, liquidated damages, punitive damages, penalties, interest, attorney fees, litigation costs, restitution, equitable relief, and any other remedies, under New York, Virginia, Missouri, or any other applicable state, federal, or local law; and (3) to the extent not covered by the above, any and all claims pled in or reasonably arising out of the Litigation.

      1.34    "Settlement Claim Certification Form" or "Claim Form" shall mean the form attached as Form B to the Notice re: Pendency of Class Action, in the same or substantially the same manner as set forth in Exhibit 2.

      1.35    "Settlement Class" means the collective group of all of the Class Members who do not opt out of the Settlement Class by submitting Opt Outs pursuant to Paragraph 2.5.2, and thus means the collective group of all of the Class Members who will become subject to and bound by the Judgment if the Effective Date occurs.

      1.36    "Settlement Class Member" or "Member of the Settlement Class" means any Person who is a member of the Settlement Class.

      1.37    "Settlement Hearing" means a hearing set by the Court to take place on or about the date which is sixty (60) days after the Notice Response Deadline for the purpose of (i) determining the fairness, adequacy and reasonableness of the Stipulation and associated settlement pursuant to class action procedures and requirements; (ii) determining the good faith of the Stipulation and associated settlement; (iii) awarding attorney fees and costs; (iv) awarding an enhancement award to the Class Representative; and (v) entering Judgment.

      1.38    "Settlement Sum" means the total, gross amount due to an individual Class Member if he or she becomes a Class Member and if he or she becomes a Participating Claimant, which shall be the product of his or her Settlement Sum Variable multiplied by the number of Qualifying Work Months worked by him or her.  Because of the withholdings described in paragraph 2.2.1, the amount received by each Participating Claimant will be less than his or her Settlement Sum.

1.39     "Settlement Sum Variable" shall be the quotient of the Maximum Settlement Portion for Payments to Participating Claimants divided by the total number of Qualifying Work Months worked by all Class Members.  For purposes of illustration, it is understood and agreed that, if the Maximum Settlement Portion for Payments to Participating Claimants is $2,460,000, and if the total number of Qualifying Work Months is 58,200, then the Settlement Variable will be approximately $42.29.

1.40     "Settling Parties" means (a) Wells Fargo, and (b) the Named Plaintiffs, on behalf of themselves and all Members of the Settlement Class.

1.41     "Steven Tomlinson" means Steven Tomlinson, a Class Representative and Named Plaintiff in the Litigation.

1.42     "Wells Fargo" means Wells Fargo Advisors, LLC, individually and as a successor in interest to Wachovia Securities, LLC, the defendants in the Litigation.  By submitting this Stipulation re: Settlement of Class Action, Wells Fargo does not concede that all of the Wells Fargo entities named as Defendants employed the Class or are proper defendants to this action.

1.43     "Wells Fargo Releasees" means Wells Fargo (as defined in Paragraph 1.42 above), and each of its affiliates (including without limitation Wells Fargo & Company and all other parents and subsidiaries) and also including without limitation predecessors, successors, divisions, joint ventures and assigns, any benefit plan maintained by any of them and the trustees, fiduciaries, and administrators of any such plan, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, and personal or legal representatives.

1.44     "Stipulation" means this agreement, the Stipulation Re: Settlement of Class Action and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the settlement between them, and which is subject to Court approval.  It is understood and agreed that Wells Fargo's obligations for

payment under this Stipulation are conditioned on, *inter alia,* the occurrence of the Effective Date.

        1.45     "Unknown Claims" means any Released Claims which any Named Plaintiff or any Settlement Class Member does not know or suspect to exist in his or her favor at the time of the entry of the Judgment and which, if known by him or her, might have affected his or her settlement with and release of the Wells Fargo Releasees, or might have affected his or her decision to opt out of the Class or to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, though neither side concedes that California law applies in this Lawsuit, Named Plaintiffs shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights and benefits of California Civil Code § 1542 or any like provision of the law of any other pertinent jurisdiction.  California Civil Code § 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Named Plaintiffs and each Settlement Class Member may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but the Named Plaintiffs and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Named Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the

Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.  For the sake of clarity, Unknown Claims include only those claims that meet the definition of Released Claims, and thus do not include, for example, claims for wrongful termination.

1.46    "Updated Address" means the last known mailing address of the Class Member as contained in Wells Fargo's employment files or an updated mailing address provided by the United States Postal Service or Class Member.

1.47    "Updated Address Verification Measure" means checking of the address against the National Change of Address Database maintained by the United States Postal Service to determine an updated address, if any.

2.    The Settlement.

2.1    *Consideration to Settlement Class Members*

2.1.1    Wells Fargo, itself or through the Claims Administrator, and according to the terms, conditions and procedures set forth in this Section VI of this Stipulation, shall pay each Participating Claimant his or her Settlement Sum.  To the extent administratively convenient, these payments shall be paid via one check.  The Settlement Sums shall be allocated for reporting reasons as set forth below:  (a) twenty-five percent of each payment will be reported as wage income, *i.e.*, a payment in settlement of claims for unpaid wages, which will be subject to legally required withholdings (thereby causing the net amount paid to be less than the gross amount owed); and (b) the other seventy-five percent of each payment will be reported as non-wage income, *i.e.*, a payment in settlement of claims for liquidated damages, interest, and/or penalties, which will not be subject to withholdings.  Other than this reporting, which Wells Fargo will undertake, Participating Claimants will be entirely responsible for any tax obligations associated with these payments.  It is understood and agreed that Wells Fargo has made no representations concerning the tax implications of any payments to be made pursuant to this Stipulation, and the Class Notice will advise Class Members of their opportunity to consult a tax

expert.  As set forth below, each Participating Claimant will receive his or her Settlement Sum only after the judgment becomes Final.

        2.1.2       Wells Fargo, itself or through the Claims Administrator, will report each payment made pursuant to this Section 2 to government authorities, including the Internal Revenue Service, as required by law, and it shall make all legally required deductions and/or withholdings.

        2.1.3       The only Class Members entitled to any payment under this Stipulation and the associated Judgment are Participating Claimants, and they shall be entitled to their respective Settlement Sums only.  Those portions of the Maximum Settlement Portion for Payments to Participating Claimants that are not claimed shall revert to Wells Fargo, and any finding to the contrary will be a ground for Wells Fargo to void the settlement.  As such, if fewer than one hundred percent of Class Members submit Qualifying Settlement Claim Certification Forms, then Wells Fargo will pay less than the Gross Settlement Amount.  This Stipulation and the associated Judgment do not and will not create any unpaid residue or unpaid residual, and no distribution of such shall be required.  Any finding to the contrary will give Wells Fargo the option to void this Stipulation.

        2.2    *Taxes*

        2.2.1       Those payments (or portions thereof) allocated to the settlement of claims for unpaid wages (a) shall be subject to required withholdings and deductions, and so the net amounts payable will be less than the gross amounts; and (b) shall be reported in the year of payment as wage income to Participating Claimants on a Form W-2 or analogous form.  Those payments (or portions thereof) allocated to all other claims, including without limitations claims for liquidated damages, interest, penalties, and other non-wage recovery (a) shall not be subject to withholdings and deductions, and so the net amounts payable will be equal to the gross amounts; and (b) shall be reported in the year of payment as non-wage income to the Participating Claimants on a Form 1099 or analogous form.  All Payroll Taxes on the wage portion of these payments shall be paid from the reversion amount, unless this would require

Wells Fargo to pay more than the Gross Settlement Amount, in which case the Payroll Taxes shall be paid through a downward adjustment to the Settlement Sum for each Participating Claimant equal to the amount required to be paid.  Other than as set forth above, Wells Fargo will not, unless otherwise required by law, make, from the Settlement Sum of each Participating Claimant, any deductions, withholdings or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings, and entry of the Judgment by the Court shall be deemed authority not to make such deductions, withholdings or additional payments.  Any amount paid to Participating Claimants shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit, or other compensation plan provided by any of the Wells Fargo Releasees, and shall not constitute certified compensation under any plans of any of the Wells Fargo Releasees.  This Stipulation shall not affect in any way any debt owed by any Class Member to any of the Wells Fargo Releasees.

   2.2.2  Other than the withholding and reporting requirements set forth in Paragraphs 2.1.2 and 2.2.1, the Participating Claimants shall be solely responsible for the reporting and payment of any federal, state, and/or local income or other tax or any other withholdings, if any, on any of the payments made pursuant to this Stipulation.  Wells Fargo makes no representations, and it is understood and agreed that Wells Fargo has made no representations, as to the taxability of any portions of the settlement payments to any Participating Claimant, the payment of any costs or an award of attorneys' fees, any payments to the Named Plaintiffs, or any other payments made pursuant to this Stipulation.  The Notice re: Pendency of Class Action will advise Class Members to seek their own tax advice prior to acting in response to that Class Notice, and the Settling Parties agree that the Class Notice will provide Class Members with adequate notice of this caveat.

   2.3  *Court Approval of Notice to the Class and A Settlement Hearing*.

   2.3.1  Within thirty (30) days of the final execution of this Stipulation, the Named Plaintiffs and Wells Fargo, through their counsel of record in the Litigation, shall file this

Stipulation with the Court and jointly move for preliminary approval of this Stipulation.  Via this submission, and a supporting motion, the Settling Parties, through their counsel of record, will request that the Court enter the Preliminary Approval Order, thereby scheduling the Settlement Hearing for the purposes of determining the good faith with regard to the settlement, granting final approval of the settlement, granting final approval of this Stipulation, and entering Judgment.  Via this same motion, the Class Representatives, through Class Counsel shall advise the Court of the agreements set forth in Paragraphs 2.8.1, 2.8.2, and 2.8.4 of this Stipulation.

       2.3.2     Subject to Court availability, the Class Representatives and Wells Fargo shall endeavor to notice the joint motion for entry of the Preliminary Approval Order described in Paragraph 2.3.1 for a hearing before the Court as soon as possible.  Failure of the Court to enter the Preliminary Approval Order in its entirety or in a substantially similar form following the full efforts of the Settling Parties to obtain such entry will be grounds for Wells Fargo to terminate the settlement and the terms of this Stipulation.

       2.3.3     If the Court enters the Preliminary Approval Order more than thirty (30) days after the Settling Parties file a motion for preliminary approval, Class Counsel and counsel for Wells Fargo shall meet and confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Stipulation.  In the event that the Settling Parties fail to reach such agreement, any of the Settling Parties may apply to the Court via a noticed motion for modification of the dates and deadlines in this Stipulation, provided that such a request to the Court may seek only reasonable modifications of the dates and deadlines contained in this Stipulation and no other changes.

       2.3.4     If the Court enters the Preliminary Approval Order, then at the resulting Settlement Hearing, Class Representatives and Wells Fargo, through their counsel of record, shall address any written objections from Class Members, any concerns from Class Members who attend the hearing, and any concerns of the Court.  The Settling Parties shall and hereby do, unless provided otherwise in this Stipulation, stipulate to final approval of this

Stipulation and entry of the Judgment by the Court, and will take all lawful efforts to secure approval for this Stipulation.

        2.4    *Notice to Class Members*.

        2.4.1    If, by entering the Preliminary Approval Order, the Court provides authorization to send the Notice Re: Pendency of Class Action to Class Members, Wells Fargo, through the Claims Administrator, will facilitate the mailing of the Class Notice to all Class Members at their Last Known Addresses.  All Class Notices shall be mailed via first class mail through the United States Postal Service, postage pre-paid.

        2.4.2    The Class Notice and its envelope or covering shall be marked to denote the return address of the Claims Administrator as that address is listed at the bottom of the Claim Form.

        2.4.3    Wells Fargo shall prepare the name, Last Known Address, Social Security Number, and number of Qualifying Work Months of each Class Member for the Claims Administrator only so that the Claims Administrator can engage in the processing and mailing of each Notice Re: Pendency of Class Action and the associated claims process.  This information will not be provided to the Class Representatives or Class Counsel.  By preliminarily approving this settlement, the Court will be deemed to have authorized Wells Fargo to provide the Claims Administrator with the Social Security Number of each Class Member and other required information for each Class Member.

        2.4.4    Prior to mailing the Class Notice to each Class Member, the Claims Administrator shall include in the space provided the number of Qualifying Work Months for each Class Member and the Estimated Settlement Sum Variable.

        2.4.5    The Claims Administrator shall mail each of the Class Notices to the Last Known Addresses of the Class Members no later than the Notice Mailing Deadline.

        2.4.6    All reasonable costs of mailing the Class Notices, which shall be the fees charged by the Claims Administrator, the cost of the envelope in which the Class Notice

will be mailed, the cost of reproducing the Class Notice, and the cost of postage to send the Class Notice, shall be deducted from the Gross Settlement Amount.

2.4.7     Unless the Claims Administrator receives a Class Notice returned from the United States Postal Service for reasons discussed below in this paragraph, each Class Notice shall be deemed mailed and received by the Class Member upon mailing.  In the event that subsequent to the first mailing of a Notice Re: Pendency of Class Action and prior to the Notice Response Deadline, a Class Notice is returned to the Claims Administrator by the United States Postal Service with a forwarding address for the recipient, the Claims Administrator shall re-mail the notice to that address, the Class Notice will be deemed mailed at that point, and the forwarding address shall be deemed the Updated Address for that Class Member.  In the event that subsequent to the first mailing of a Class Notice, and prior to the Notice Response Deadline, a Class Notice that is mailed to a Class Member is returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, *i.e.,* the envelope is marked "Return to Sender," the Claims Administrator shall undertake an Updated Address Verification Measure to attempt to ascertain the current address of the particular Class Member in question, shall re-send the Class Notice to the updated address, if any, and shall treat the updated address as the Last Known Address; if no updated address is obtained for that Class Member, the Class Notice shall be sent again to the Last Known Address, and in either event, the Class Notice shall be deemed received once it is mailed for the second time.  In the event that subsequent to the first mailing of a Class Notice, and on or after the Notice Response Deadline, a Class Notice is returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender," the Claims Administrator shall be required to take no further action with that Class Notice and it shall be deemed to have been delivered.  Nothing in this Paragraph shall be deemed to extend the Notice Response Deadline.

2.5     *Responses to the Notice Re: Pendency of Class Action; Motion for Final Approval*.

2.5.1        [*Intentionally left blank*]

2.5.2        Class Members may elect to "opt out" of the Settlement Class and thus exclude themselves from the Settlement Class.  A Class Member who wishes to exercise this option must send a written request to the Claims Administrator stating that he or she is opting out of the Settlement Class.  Such request must be signed by the Class Member and state "I [NAME], was or am employed with Wells Fargo or its predecessor Wachovia Securities as a Private Client Group Financial Advisor between May 11, 2009 and Preliminary Approval Date. I wish to opt out of the Class Action and Settlement in Michelle F. Hartley, Steven Tomlinson, individually and on behalf of all others similarly situated, and Maria DeGennero vs. Wells Fargo & Company; Wachovia Securities Financial Holdings, LLC; and Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, LLC.  By doing so, I waive any and all rights I may have to participate in the settlement and to be paid any portion of the settlement."  If a fully completed and properly executed Opt Out is not received by the Claims Administrator from a Class Member postmarked on or before the Notice Response Deadline, then that Class Member will be deemed to have forever waived his or her right to opt out of the Settlement Class.  Class Members who do not properly submit Opt Outs shall be deemed Members of the Settlement Class.  Class Members who do properly submit Opt Outs shall have no further role in the Litigation, and for all purposes they shall be regarded as if they never were a party to this Litigation.

2.5.3        Class Members who do not opt out of the Settlement Class pursuant to Paragraph 2.5.2 may also object to the Stipulation by submitting written objections to Class Counsel (either directly or via the Claims Administrator) no later than the Notice Response Deadline.  The Class Notice shall advise Class Members of this option.  Class Members who wish to object to this Settlement must do so in writing.  Those who wish to object in writing must state the basis of the objection and mail the objection to the Court, the Claims Administrator, and Wells Fargo's Counsel via first class mail postmarked on or before the Notice Response Deadline.  Any Class Member who wishes to present his/her objection at the fairness hearing

must state his/her intention to do so in the written objection.  The written objection must also contain a description of all reasons that the objecting Class Member objects to the Settlement. Objecting putative Class Members will not be allowed to present reasons for objecting to the Settlement at the fairness hearing that are not described in his/her written objection.   Class Members shall be permitted to withdraw their objections in writing by submitting a withdrawal statement to the Claims Administrator and Defendants' Counsel not later than one (1) business day prior to the Court's final approval hearing, or otherwise ordered by the Court.

2.5.4     Class Members who do not opt out of the Settlement Class pursuant to Paragraph 2.5.2 may elect to become Participating Claimants.  Class Members who wish to exercise this option must establish their entitlement to payment under the settlement by fully completing, executing and timely mailing, per the instructions therein, the form entitled "Settlement Claim Certification Form" attached to the Notice Re: Pendency of Class Action as Form C.  If a completed and properly executed Settlement Claim Certification Form is not received by the Claims Administrator from a Class Member and postmarked on or before the Notice Response Deadline, then that Class Member will be deemed to have forever waived his or her right to be a Participating Claimant and receive payment under this settlement.  As long as they do not properly submit Opt Outs, Class Members who do not submit Qualifying Settlement Claim Certification Forms in a timely and proper fashion shall be deemed Members of the Settlement Class and shall be subject to the Judgment.  Only Participating Claimants shall be entitled to payment pursuant to the Judgment.  It is agreed and understood that if all Class Members become Participating Claimants, then Wells Fargo will pay a total gross amount of $2,460,000.00 to all Participating Claimants (subject to the conditions described in Paragraph 1.15), but if fewer than one hundred percent of Class Members become Participating Claimants, then Wells Fargo will pay less than $2,460,000 to Participating Claimants.

2.5.5     A Class Member who submits both a Settlement Claim Certification Form and an Opt Out form shall be sent a cure letter by the Claims Administrator seeking clarification of which response he or she wants to submit.  If no such cure is provided within (15)

days of the mailing of the cure letter, the Class Member will be deemed a Participating Claimant. Class Members who submit incomplete Settlement Claim Certification Forms or Opt Outs or Change of Address Forms shall be notified by the Claims Administrator and given an additional fifteen (15) days from the date of mailing of the cure letter to cure such deficiencies provided the original submission was submitted on or prior to the Notice Response Deadline.

        2.5.6      Class Members who, for future reference and mailings from the Court or Claims Administrator, if any, wish to change the name or address listed on the envelope in which the Class Notice was first mailed to them, must fully complete, execute and mail, per the instructions therein, the form entitled "Change of Name or Address Information" attached to the Notice Re: Pendency of Class Action as Form A.

        2.5.7      Prior to the Settlement Hearing and consistent with the rules imposed by the Court, the Class Representatives and Wells Fargo shall jointly move the Court for entry of the Order of Final Approval (and the associated entry of Judgment). Through this motion, the Settling Parties shall advise the Court of the agreements in Paragraphs 2.8.1, 2.8.2, and 2.8.4 of this Stipulation. The Class Representatives and Class Counsel shall be responsible for justifying the agreed upon payments set forth in Paragraphs 2.8.1, 2.8.2, and 2.8.4 of this Stipulation. To the extent possible, the motion seeking entry of the Order of Final Approval shall be noticed for the same day as the Settlement Hearing. The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval, and Named Plaintiffs and Class Counsel agree that this settlement is beneficial and fair to the Class, and they will not argue otherwise. If the Court rejects the Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Stipulation shall be void *ab initio*, and Wells Fargo shall have no obligations to make any payments under the Stipulation. In the event that the Stipulation becomes void for this or any other reason, Wells Fargo retains all rights to challenge all claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class or collective action treatment on any grounds or assert any and all defenses or privileges.

2.6     *Timing of Payment to Participating Claimants and Notice of Final Approval to Settlement Class Members.*

2.6.1     Within sixty (60) days of and only after the Effective Date, Wells Fargo, through the Claims Administrator, shall pay to each Participating Claimant his or her relevant Settlement Sum.

2.6.2     In accordance with the terms of Paragraphs 2.1.1 and 2.1.2, Wells Fargo, through the Claims Administrator, shall issue to each Participating Claimant one check (or more if necessary for administrative convenience) payable to the Participating Claimant, from Wells Fargo (or from an account administered by the Claims Administrator but funded by Wells Fargo) for the gross amount of the Settlement Sum, less relevant withholdings.  Wells Fargo, through the Claims Administrator, shall mail this check(s) to each Participating Claimant at his or her Last Known Address, or Updated Address if obtained.

2.6.3     Checks issued to Participating Claimants pursuant to this Agreement shall remain negotiable for a period of at least ninety (90) days from the date of mailing.  The funds associated with any checks which are not properly or timely negotiated shall remain the property of Wells Fargo and shall not be paid to any Person other than Wells Fargo.  The Settling Parties hereby agree that such funds represent settlement payments for matters disputed in good faith, not uncontested wage payments, and they shall not be subject to escheat rules, *cy pres*, or other distribution not provided for in this Stipulation; any finding to the contrary shall be grounds for Wells Fargo to void the agreement.  Participating Claimants who fail to negotiate their check(s) in a timely fashion shall, like all Settlement Class Members, remain subject to the terms of the Judgment.

2.6.4     Following the mailing of the payments to Participating Claimants discussed in Paragraph 2.6.2, the Claims Administrator shall provide counsel with a written confirmation of this mailing.  Upon receipt of this confirmation, Class Counsel will file a notice or acknowledgement of satisfaction of judgment with the Court in the Litigation on behalf of the Settlement Class.

2.7     *Releases and dismissals.*

2.7.1     Upon the Effective Date, The Class Representatives and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all Released Claims, including without limitation Unknown Claims.

2.8     *Payment of Costs and Attorney Fees to the Named Plaintiffs.*

2.8.1     Class Counsel shall be entitled, subject to Court approval and the occurrence of the Effective Date, to an award of reasonable attorney fees and litigation costs, not to exceed the amounts specified herein.  Subject to Court approval, Wells Fargo will pay up to $1,340,000 total to Class Counsel for all attorney fees and costs.  Payments made per this paragraph shall constitute full satisfaction of any claim for fees or costs, and the Named Plaintiffs and Class Counsel, on behalf of themselves and all Settlement Class Members, agree that they shall not seek nor be entitled to any additional attorney fees or costs under any theory, and the Named Plaintiffs further agree that these payments will be made directly to Class Counsel.  Class Counsel will move for, and Wells Fargo will not object to, an award of attorneys' fees measured by a "percentage of the fund" consistent with Class Counsel's terms of retention, or thirty-three and one-third percent of the Gross Settlement Amount, which assuming maximum allocation will be $1,300,000.00.  Although Wells Fargo has a right to a reversion of any portion of the Gross Settlement Amount, attorneys' fees, costs, and enhancement payments, this will have no impact on its consent to Class Counsel's application under a "percentage of the fund" recovery, consistent with the terms of retention with the Class Representatives, seeking thirty-three and one-third percent of the Gross Settlement Amount.  The Named Plaintiffs and Class Counsel agree that they shall be responsible for justifying the amount of these fee and cost awards to the Court, and they agree to submit the necessary materials to justify this award along with the Settling Parties' joint motion for final approval of the Stipulation pursuant to Paragraph 2.5.7.  Wells Fargo agrees not to oppose any submission regarding, or request for approval of, an award of fees or costs provided it is consistent with this Stipulation and, in particular, that

provided that Wells Fargo not be required to pay any more than $1,340,000 in total to all Class Counsel for all attorney fees, costs, and expenses combined.  In the event that the Court (or appellate court) awards less than the maximum amount for attorney fees and/or costs, only the awarded amounts shall be paid and shall constitute satisfaction of the obligations of this paragraph and full payment thereunder, and any remaining or unawarded portion of the maximum fee and cost awards shall remain the property of Wells Fargo.  If the Effective Date occurs, no more than thirty (30) days after the Effective Date, Wells Fargo shall make payment of any attorney fees and/or costs pursuant to this Paragraph 2.8.1 to Class Counsel directly, and prior to Wells Fargo making this payment, Class Counsel shall provide counsel for Wells Fargo with written payment allocation instructions and the pertinent taxpayer identification numbers and all necessary Form W-9s.  Other than any reporting of this fee payment as required by this Stipulation or law, which Wells Fargo shall make, Class Counsel and the Named Plaintiffs shall alone be responsible for the reporting and payment of any federal, state and/or local income or other form of tax on any payment made pursuant to this paragraph.  Other than as provided in this Paragraph 2.8.1 for the limited purpose discussed herein, no party shall be deemed the prevailing party for any other purposes of the Litigation.

2.8.2    No more than thirty (30) days after the Effective Date, and only in the event that the Effective Date occurs and following the execution of the type of general release discussed below, Wells Fargo will forward a check payable to Michelle Hartley, in her personal capacity only and via her counsel of record, in the gross amount of twenty thousand United States dollars ($20,000).  This payment shall be compensation and consideration for (i) Michelle Hartley's efforts as the class representative in the Litigation; and (ii) her execution of a full, general release to the benefit of the Wells Fargo Releasees.  The full and general release that Michelle Hartley herself shall execute to obtain payment pursuant to this Paragraph 2.8.2 shall be executed immediately following the Effective Date, and through it, Michelle Hartley herself (and not on behalf of the Class or any other Class Members) shall release, acquit and discharge the Wells Fargo Releasees, and any of them, from any and all claims, demands, claims for costs and

attorney fees, or causes of action of any kind whatsoever (upon any legal or equitable theory whether contractual, common law, statutory, Federal, State or otherwise), whether known or unknown, that arose, accrued or took place at any time on or prior to the date on which the full and general release is executed; provided, however, that this release shall not apply to the claims that Michelle Hartley has presently asserted in the matter *Hartley v. Wells Fargo*, Case No. 2:14-cv-06252-JFB-GRB.  Through the full and general release discussed in this Paragraph 2.8.2, Michelle Hartley will agree and represent that she has not assigned or in any way conveyed, transferred or encumbered all or any portion of the claims or rights otherwise released.  Through the full and general release discussed in this Paragraph 2.8.2, Michelle Hartley will agree that Wells Fargo shall report to the Internal Revenue Service the gross payment of $20,000 as non-wage income to her in the year of payment via a Form 1099, and Michelle Hartley will agree to take full responsibility for the payment of any outstanding taxes due.  If Michelle Hartley does not execute the full and general release discussed in this Paragraph 2.8.2, with all of the specific terms required herein, Wells Fargo shall not be required to make any payment whatsoever to Michelle Hartley (as applicable) pursuant to this Paragraph 2.8.2.  To the extent the Court reduces the award to Michelle Hartley below $20,000, the settlement will remain valid and the amount unawarded or reduced shall remain the property of Wells Fargo.  If Michelle Hartley executes the general release pursuant to the terms of this paragraph and receives the gross total sum of $20,000 (or whatever amount the Court awards if it is less than $20,000), she shall also be entitled to receive and will be paid the Settlement Sum which she would have otherwise been entitled to under this Stipulation, and she is hereby deemed a Participating Claimant with no need for a Class Notice or the submission of a Settlement Claim Certification Form.  The full and general release discussed in this paragraph and to be executed by Michelle Hartley shall not extinguish or alter the obligations of Wells Fargo to other Class Members under any other paragraph of this agreement.

       2.8.3     Unless otherwise expressly provided, Wells Fargo shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Michelle

Hartley, Class Counsel and/or any other Person who may assert some claim thereto, of any award or payment issued or made in the Litigation or pursuant to this Stipulation, including, but not limited to, any award or payment pursuant to Paragraph 2.8.1 or 2.8.2.

        2.8.4      No more than thirty (30) days after the Effective Date, and only in the event that the Effective Date occurs and following the execution of the type of general release discussed below, Wells Fargo will forward a check payable to Steven Tomlinson, in his personal capacity only and via his counsel of record, in the gross amount of twenty thousand United States dollars ($20,000).  This payment shall be compensation and consideration for (i) Steven Tomlinson's efforts as the class representative in the Litigation; and (ii) his execution of a full, general release to the benefit of the Wells Fargo Releasees.  The full and general release that Steven Tomlinson himself shall execute to obtain payment pursuant to this Paragraph 2.8.4 shall be executed immediately following the Effective Date, and through it, Steven Tomlinson himself (and not on behalf of the Class or any other Class Members) shall release, acquit and discharge the Wells Fargo Releasees, and any of them, from any and all claims, demands, claims for costs and attorney fees, or causes of action of any kind whatsoever (upon any legal or equitable theory whether contractual, common law, statutory, Federal, State or otherwise), whether known or unknown, that arose, accrued or took place at any time on or prior to the date on which the full and general release is executed.  Through the full and general release discussed in this Paragraph 2.8.4, Steven Tomlinson will agree and represent that he has not assigned or in any way conveyed, transferred or encumbered all or any portion of the claims or rights otherwise released.  Through the full and general release discussed in this Paragraph 2.8.4, Steven Tomlinson will agree that Wells Fargo shall report to the Internal Revenue Service the gross payment of $20,000 as non-wage income to him in the year of payment via a Form 1099, and Steven Tomlinson will agree to take full responsibility for the payment of any outstanding taxes due.  If Steven Tomlinson does not execute the full and general release discussed in this Paragraph 2.8.4, with all of the specific terms required herein, Wells Fargo shall not be required to make any payment whatsoever to Steven Tomlinson (as applicable) pursuant to this Paragraph 2.8.4.  To the extent

the Court reduces the award to Steven Tomlinson below $20,000, the settlement will remain valid and the amount unawarded or reduced shall remain the property of Wells Fargo. If Steven Tomlinson executes the general release pursuant to the terms of this paragraph and receives the gross total sum of $20,000 (or whatever amount the Court awards if it is less than $20,000), he shall also be entitled to receive and will be paid the Settlement Sum which he would have otherwise been entitled to under this Stipulation, and he is hereby deemed a Participating Claimant with no need for a Class Notice or the submission of a Settlement Claim Certification Form. The full and general release discussed in this paragraph and to be executed by Steven Tomlinson shall not extinguish or alter the obligations of Wells Fargo to other Class Members under any other paragraph of this agreement.

2.8.5    Unless otherwise expressly provided, Wells Fargo shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Steven Tomlinson, Class Counsel and/or any other Person who may assert some claim thereto, of any award or payment issued or made in the Litigation or pursuant to this Stipulation, including, but not limited to, any award or payment pursuant to Paragraph 2.8.1 or 2.8.4.

2.9    *Claims Administrator.*

2.9.1    All fees and expenses reasonably incurred by the Claims Administrator as a result of procedures and processes expressly required by this Stipulation shall be paid by Wells Fargo and taken from the Gross Settlement Amount. The Named Plaintiffs and Class Counsel shall have no responsibility for such fees or expenses. Based on current estimates, the Settling Parties anticipate that the total sum paid to the Claims Administrator will be $60,000, but the Settling Parties understand and agree that this figure represents just an estimated maximum, and the sum charged by the Claims Administrator may be different. If a higher amount is reasonably incurred or charged by the Claims Administrator, the Maximum Settlement Portion for Payments to Participating Claimants shall be adjusted accordingly.

2.9.2    The actions of the Claims Administrator shall be governed by the terms of this Stipulation. Wells Fargo may provide relevant information needed by the Claims

Administrator per this Stipulation, provide logistical instructions to the Claims Administrator with regard to actions required by this Stipulation, and engage in related communications with the Claims Administrator without notice or copies to Class Counsel, any Class Members, or the Court.  Wells Fargo may make payment to the Claims Administrator for its services and engage in communications to the Claims Administrator related to such payments without notice or copies to Class Counsel, any Class Members, or the Court.

       2.9.3      In the event that any of the Settling Parties take the position that the Claims Administrator is not acting in accordance with the terms of the Stipulation, that party's counsel shall meet and confer with counsel for the other Settling Party prior to raising any such issue with the Claims Administrator or the Court.

       2.10    *Termination of Settlement*

       2.10.1      In the event that the settlement set forth in this Stipulation shall not be approved in its entirety or substantially as is by the Court, or in the event that the Effective Date does not occur for any reason, no payments shall be made by Wells Fargo to anyone in accordance with the terms of this Stipulation, the Settling Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, and this Stipulation shall be deemed null and void with no effect on the Litigation whatsoever, provided Wells Fargo will be responsible for any reasonable costs incurred by the Claims Administrator to the point the Stipulation is deemed void.

       2.10.2      If the Court changes the dates of hearings provided for in this Stipulation by fewer than three (3) months, this shall not be deemed a substantial change necessitating termination of the settlement.

       2.10.3      In the event that seven and one-half percent (7.5%) or more of Class Members opt out of the Settlement Class by submitting Opt Outs pursuant to Paragraph 2.5.2, Wells Fargo shall have the absolute discretionary right (but shall not be required) to terminate and void this settlement and Stipulation.  To the extent Wells Fargo chooses to exercise the

option established in this Paragraph, it must do so through written notice to Class Counsel prior to the Settlement Hearing.

      2.11    *Miscellaneous Provisions.*

      2.11.1    No Person shall have any claim against Class Counsel, the Claims Administrator, counsel for Wells Fargo, or any of the Wells Fargo Releasees based on the payments made or other actions taken substantially in accordance with the Stipulation and the settlement contained therein or further orders of the Court.

      2.11.2    In the event that the Stipulation is not substantially approved by the Court or the settlement set forth in the Stipulation is terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or if the Judgment does not become Final, or to the extent termination, cancellation or voiding of the Stipulation is otherwise provided in this Stipulation, the Settling Parties shall resume the Litigation at that time as if no Stipulation had been entered.  In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, including without limitation in relation to issues of class or collective certification, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as retroactively vacated, *nunc pro tunc*.  Notwithstanding any other provision of this Stipulation, no order of the Court reducing, or any modification or reversal on appeal of any order of the Court reducing, the amount of any attorney fees or costs to be paid by Wells Fargo to Class Counsel, or reducing the amount of any enhancement payment to be paid by Wells Fargo to the Class Representatives, shall constitute grounds for cancellation or termination of the Stipulation or grounds for limiting any other provision of the Judgment. This provision shall not operate, however, to preclude the Named Plaintiffs or Class Counsel from appealing any award of the Court reducing the amount of any attorney fees or costs to be paid by Wells Fargo to Class Counsel or the enhancement payments to the Named Plaintiffs.

      2.11.3    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to

effect and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation, including without limitation obtaining Court approval and securing the effectiveness of the Judgment.

2.11.4    The Stipulation compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense nor used in any proceeding to such an effect.  The Settling Parties agree that the amounts paid in Settlement and the other terms of the settlement were negotiated at arms-length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

2.11.5    The Settling Parties agree that the Notice Response Deadline shall not be extended, and no untimely submissions or claims will be honored, under any circumstances, unless, and only unless, Wells Fargo consents or the Class Member can sufficiently demonstrate that his or her failure to respond to the Class Notice was the product of the fact that he or she was legally incompetent during the notice response period, including, for example, he or she was incarcerated or hospitalized or on active military duty during the full notice response period; provided, however, no extensions will be granted for incompetency unless first requested in writing to the Claims Administrator or Class Counsel fewer than ninety (90) days following the Notice Response Deadline.  The Settling Parties agree that the establishment and enforcement of the Notice Response Deadline is valuable consideration to Wells Fargo, and the finality provided thereby is a material aspect of this agreement.  Any ruling to the contrary by the Court or any ruling allowing the filing of any responses to the Class Notice following the Notice Response Deadline shall be grounds for Wells Fargo to void the Stipulation.

2.11.6    Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Wells Fargo Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or

omission of the Wells Fargo Releasees, or any of them, in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  The Named Plaintiffs and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that Wells Fargo could not contest (or is estopped from contesting) class or collective action certification on any grounds if this Litigation were to proceed; this Stipulation shall not be deemed an admission by, or ground for estoppel against, Wells Fargo that class or collective certification in the Litigation is proper or cannot be contested on any grounds.

       2.11.7     All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

       2.11.8     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

       2.11.9     The Stipulation constitutes the entire agreement among the Settling Parties hereto and no representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

       2.11.10    Class Counsel, on behalf of the Class, represent that it is expressly authorized by the Named Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effect its terms, and also is expressly authorized to enter into any modifications or amendments to, or documents or pleadings filed in support of, the Stipulation on behalf of the Class which they deem appropriate, and the Named Plaintiffs hereby so authorizes Class Counsel.

       2.11.11    Each counsel or other Person executing the Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

2.11.12    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

2.11.13    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but unless expressly stated, this Stipulation is not designed to and does not create any third party beneficiaries.

2.11.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

2.11.15    The Stipulation and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

2.11.16    The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party.  No party shall be deemed the drafter of this Stipulation.  The parties acknowledge that the terms of the Stipulation are contractual and are the product of negotiations between the parties and their counsel.  Each party and their counsel cooperated in the drafting and preparation of the Stipulation.  In any construction to be made of the Stipulation, the Stipulation shall not be construed against any party.

2.11.17    Wells Fargo will not retaliate against Class Members for any actions taken or not taken with respect to this settlement and will not sue the Named Plaintiffs for filing the complaint in this Litigation.

2.11.18    Wells Fargo acknowledges that Class Counsel, and Class Counsel acknowledges that Wells Fargo's counsel, have complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure to this point in the Litigation.

2.11.19    At no time shall the Claims Administrator or Wells Fargo be requested or required to provide Class Counsel or the Named Plaintiffs with the Social Security Number, Last Known Address, or other payroll or contact information of Class Members.

2.11.20    The Settling Parties recognize and acknowledge that at the time of the execution of the initial settlement agreement and this Stipulation, there are issues of law that are unresolved, which could impact the claims at issue in the Litigation.  The Settling Parties further recognize that they reached this settlement in light of the risks created by these cases and all other issues of unsettled law, and that all parties will take all efforts to enforce this Stipulation and obtain Court approval for this settlement regardless of any subsequent change or development in the law.  The Settling Parties agree that the proposed Class is receiving sufficient benefit and consideration from this settlement by obtaining a settlement (and associated consideration) and that this settlement is fair, and the Settling Parties and their counsel agree not to argue otherwise or seek to void this settlement or prevent court approval on the basis of any subsequent precedent.

2.11.21    The Settling Parties agree to take all reasonable steps to comply with the requirements of the Class Action Fairness Act of 2005, including the notice requirements.  It is the intent of the parties that the Judgment be binding on all Settlement Class Members.  No more than 10 days after this Stipulation and the joint motion for preliminary approval of this Stipulation is filed, the Settling Parties, through counsel for Wells Fargo, shall provide notice to the Attorney General of the United States, the United States Department of Labor, the New York State Attorney General, the New York State Department of Labor, and any others entities or agencies that Wells Fargo deems appropriate.  Said notice shall be mailed, and can be in paper or an electronic or disc format, and shall include to the extent then available and feasible:  (1) the operative complaint in the Litigation; (2) the notice of motion and motion for preliminary approval of the settlement, which shall include the proposed final approval hearing date; (3) the Class Notice; (4) this Stipulation; (5) the Stipulation and/or notice of motion and motion for preliminary approval of the settlement, which shall confirm that there are no additional

agreements among the Settling Parties not reflected in the Stipulation; (6) this Stipulation, which shall include the proposed Judgment; and (7) the names of each Class Member and either (a) a description of the Settlement formula; and/or (b) each Class Member's projected number of Qualifying Work Months.  The Named Plaintiffs and Class Counsel shall not receive a copy of this notice but may receive upon request a proof of service listing the entities on whom Wells Fargo served the notice.  The Settling Parties agree, and the Court will confirm by granting approval for this settlement, that this notice shall be sufficient to satisfy the terms of 28 U.S.C. § 1715, and that subject to the occurrence of the Effective Date, this Stipulation and the associated Judgment shall be binding on all Settlement Class Members.

2.11.22    Prior to the joint submission of this Stipulation and settlement agreement to the Court for preliminary approval, neither Named Plaintiffs nor Class Counsel shall communicate any terms of this settlement to any third parties.  At all times, Named Plaintiffs and Class Counsel shall not publicize the settlement in this action or the terms thereof via (a) press releases; (b) Internet postings or other public statements except for posting publicly filed court documents; or (c) any form of communication with the media.  This shall not prohibit Class Counsel from discussing this case or any aspect of this settlement with Named Plaintiffs, any Class Member (absent or otherwise) in this case, or any court or opposing counsel, and this shall not prohibit Class Counsel from disclosing their mere status as counsel in the case.  Any non-disclosure provision in this Agreement does not apply to the sharing of documents with regulatory authorities and does not prohibit or restrict any party (or counsel) from initiating communications directly with, or responding to any inquiry from, or providing testimony before, the SEC, FINRA, any other self-regulatory organization, or any other state or federal regulatory authority, regarding the claims or their underlying facts and circumstances.

2.11.23    The Settling Parties acknowledge *Williams v. Wells Fargo Advisors,* Case 1:14-cv-01981, United States District Court for the Northern District of Illinois.  The Settling Parties agree that the term "Released Claims" as defined above in this Stipulation does not include (a) claims challenging the lawfulness of any agreement that would allow Wells Fargo

to recover training costs from Financial Advisors or Financial Advisor Trainees or New Financial Advisors following an already completed or future departure; and/or (b) claims or defenses under the FLSA alleging failure to pay minimum wages to Financial Advisors or Financial Advisor Trainees or New Financial Advisors specifically because of successful past or future efforts by WFA to recover training costs; and/or (c) claims for overtime wages during the period of the FA training in which Wells Fargo classified trainees as non-exempt from the FLSA, i.e., paid on an hourly basis.

        2.11.24    A full copy of this Stipulation Re: Settlement of Class Action shall be made available upon written request to the Claims Administrator or by calling the Claims Administrator at the phone number listed in the Class Notice.

        IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed.

Dated: _9/11/15_

_Michelle F. Hartley_
Michelle F. Hartley
Class Representative and Named Plaintiff

Dated: _____

_____
Steven Tomlinson
Class Representative and Named Plaintiff

Dated: _____

_____
Lori Belza
Authorized Agent for Wells Fargo Advisors, LLC

to recover training costs from Financial Advisors or Financial Advisor Trainees or New Financial Advisors following an already completed or future departure; and/or (b) claims or defenses under the FLSA alleging failure to pay minimum wages to Financial Advisors or Financial Advisor Trainees or New Financial Advisors specifically because of successful past or future efforts by WFA to recover training costs; and/or (c) claims for overtime wages during the period of the FA training in which Wells Fargo classified trainees as non-exempt from the FLSA, i.e., paid on an hourly basis.

2.11.24    A full copy of this Stipulation Re: Settlement of Class Action shall be made available upon written request to the Claims Administrator or by calling the Claims Administrator at the phone number listed in the Class Notice.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed.


Dated: _____          _____

Michelle F. Hartley
Class Representative and Named Plaintiff


Dated:  9/9/15                    _Steven Tomlinson_

Steven Tomlinson
Class Representative and Named Plaintiff


Dated: _____          _____

Lori Belza
Authorized Agent for Wells Fargo Advisors, LLC

to recover training costs from Financial Advisors or Financial Advisor Trainees or New Financial Advisors following an already completed or future departure; and/or (b) claims or defenses under the FLSA alleging failure to pay minimum wages to Financial Advisors or Financial Advisor Trainees or New Financial Advisors specifically because of successful past or future efforts by WFA to recover training costs; and/or (c) claims for overtime wages during the period of the FA training in which Wells Fargo classified trainees as non-exempt from the FLSA, i.e., paid on an hourly basis.

    2.11.24  A full copy of this Stipulation Re: Settlement of Class Action shall be made available upon written request to the Claims Administrator or by calling the Claims Administrator at the phone number listed in the Class Notice.

      IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed.

Dated: _____    _____

               Michelle F. Hartley
               Class Representative and Named Plaintiff

Dated: _____    _____

               Steven Tomlinson
               Class Representative and Named Plaintiff

Dated: __9/21/2015__    _____

               Lori Belza
               Authorized Agent for Wells Fargo Advisors,
               LLC

Approved as to form:

THE LAW OFFICE OF CHRISTOPHER Q. DAVIS, PLLC

Dated: _____9/15/15_____     By: _____

Christopher Davis

Class Counsel and Counsel to Named Plaintiffs

MUNGER, TOLLES & OLSON LLP

Dated: _____9/21/15_____     By: _____

Malcolm A. Heinicke

Counsel for Wells Fargo

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MICHELLE F. HARTLEY, STEVEN
TOMLINSON, individually and on behalf of
all others similarly situated, and MARIA
DEGENNERO,

            Plaintiffs,

   vs.

WELLS FARGO & COMPANY;
WACHOVIA SECURITIES FINANCIAL
HOLDINGS, LLC; and WELLS FARGO
ADVISORS, LLC, as successor in interest to
Wachovia Securities, LLC,

            Defendants.

Civil Action No. 14-cv-5169

**[PROPOSED] ORDER GRANTING**
**PRELIMINARY APPROVAL AND**
**SETTLEMENT HEARING**

26871762.8

The joint motion of the Settling Parties for an order preliminarily approving a class action settlement and setting a settlement hearing, came on for hearing on _____, 2015. The Court has considered the Stipulation Re: Settlement of Class Action (and its exhibits), the submissions of counsel, and all other papers filed in this action.  The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

## I.      Background and Procedural History

1.      All defined terms contained herein shall have the same meanings as set forth in the Stipulation Re: Settlement of Class Action executed by the Settling Parties and filed with this Court (the "Stipulation").

2.      The Named Plaintiffs and Wells Fargo, through their counsel of record in the Litigation, have reached an agreement to settle all Released Claims and resolve the above-captioned Litigation, which is currently pending before this Court.

3.      The Named Plaintiffs in this action allege that Wells Fargo (a) subjected its Financial Advisors to wage deductions in violation of New York Labor Law ("NYLL") section 193; and (b) misclassified them as exempt employees and therefore, *inter alia*, failed to pay them minimum wages and/or premium overtime wages in violation of the Fair Labor Standards Act ("FLSA") and NYLL.

4.      On September 3, 2014, Named Plaintiffs Michelle Hartley, on behalf of herself and others similarly situated to her, and Maria DeGennero filed the initial Class Action Complaint.  (ECF No. 1.)  On October 6, 2014, Wells Fargo filed a pre-motion conference letter with the Court seeking leave to file a Rule 12(b)(6) motion for dismissal of the Named Plaintiffs' FLSA and NYLL section 193 claims.  (ECF No. 13.)  On October 27, 2014, Named Plaintiffs filed their Amended Class Action Complaint, which added Steven Tomlinson as a Named Plaintiff and Class Representative.  (ECF No. 15.)  Both Complaints were pled as a putative collective action under 20 U.S.C. § 216(b), bringing claims for minimum wages and overtime wages under the FLSA, and as a putative class action under Rule 23, Federal Rules of Civil Procedure, bringing claims for minimum wages, overtime wages, and deductions from wages

- 1 -

under the NYLL.  (ECF Nos. 1, 15.)  On November 10, 2014, Wells Fargo renewed its pre-motion conference letter with the Court, again seeking leave to file a Rule 12(b)(6) motion for dismissal of the Named Plaintiffs' FLSA and NYLL section 193 claims.  (ECF No. 19.)  The Court subsequently waived the pre-motion conference requirement on November 24, 2014 and granted Wells Fargo leave to move to dismiss.  This settlement will result in the dismissal without prejudice of the Named Plaintiffs' FLSA claims for putative class members outside of New York – in other words, the settlement for which preliminary approval is provided herein is for current and former employees who worked for Wells Fargo in New York state only.

**II.      Preliminary Approval of Settlement**

5.      Based upon the Court's review of the Settling Parties' Memorandum of Law in Support of Joint Motion for Preliminary Approval of Class Settlement, the Davis and Rotman Declarations, and other materials submitted in connection with the Settling Parties' Joint Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Stipulation.  (*See* ECF No. ___.)

6.      The Settling Parties agreed to settle this case for a Gross Settlement Amount of $3,900,000.00.  (Stipulation ¶ 1.15.)  The Gross Settlement Amount covers the Maximum Settlement Portion for Payments to Participating Claimants, enhancement payments to Class Representatives, administration fees and costs, Wells Fargo's share of Payroll Taxes, and Class Counsel's fees and costs.  (Stipulation ¶ 1.15.)  The Maximum Settlement Portion for Payments to Participating Claimants will be $2,460,000.  (Stipulation ¶¶ 1.15, 2.2.1.)

7.      In order to receive a Settlement Sum payment from the Maximum Settlement Portion for Payments to Participating Claimants, a Class Member must become a Participating Claimant by submitting a Qualifying Settlement Claim Certification Form before the Response Deadline.  (Stipulation ¶¶ 1.26, 1.31, 2.1.3.)  Those portions of the Maximum Settlement Portion for Payments to Participating Claimants that are not claimed shall remain the property of or revert to Wells Fargo.  (Stipulation ¶ 2.1.3.)

8.      The Settlement Sum allocated to any Participating Claimant who fails to cash his or her check for more than ninety (90) days after such payments are issues shall remain

- 2 -

the property of or revert to Wells Fargo.  (Stipulation ¶ 2.6.3.)  Such funds represent settlement payments for matters disputed in good faith, not uncontested wage payments, and they shall not be subject to escheat rules, *cy pres*, or other distribution not provided in the Settlement Agreement.  (Stipulation ¶ 2.6.3.)

9.      A Participating Claimant's Settlement Sum shall be the product of his or her Settlement Sum Variable multiplied by the number of Qualifying Work Months worked by him or her.  (Stipulation ¶ 1.38.)  The Settlement Sum Variable shall be the quotient of the Maximum Settlement Portion for Payments to Participating Claimants divided by the total number of Qualifying Work Months worked by Class Members.  (Stipulation ¶ 1.39.)  A Qualifying Work Month is any full calendar month in which a Class Member was actively employed by Wells Fargo or its predecessor Wachovia Securities in New York as a Private Client Group Financial Advisor during the Class Period of May 9, 2011, through the date of this Order. (Stipulation ¶¶ 1.5, 1.10, 1.32.)

10.      The approval of a proposed class action settlement is a matter of discretion for the trial court.  *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998).  In exercising this discretion, courts should give "proper deference to the private consensual decision of the parties."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988).  "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ."  *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002).

11.      Preliminary approval, which is what the Settling Parties seek here, is the first step in the settlement process.  It simply allows notice to issue to the Class and for Class Members to submit Claim Forms or object or Opt Out of the settlement.  After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input.

12.      Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties.  *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 179 (S.D.N.Y. 2014).  To grant preliminary approval, the Court need only find that there is "'probable

- 3 -

cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n E. R.Rs.*, 627 F.2d 631, 634 (2d Cir. 1980). If, after a preliminary evaluation of the proposed settlement, the Court finds that it "appears to fall within the range of possible approval," the Court should order that the class members receive notice of the settlement. *See Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 33 (E.D.N.Y. 2006).

13.     The Court concludes that the proposed Stipulation (including the allocation formula in the Stipulation) is within the range of possible final settlement approval. Therefore, notice to the Class is appropriate.

14.     The Court finds that the Stipulation is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

15.     David Rotman, Esq., a professional mediator who specializes in wage and hour law, assisted the parties with settlement and presided over a full-day mediation session. This reinforces the non-collusive nature of the Stipulation. *See Clem v. Keybank, N.A.*, No. 13 Civ. 789 (JCF), 2014 WL 2895918, at *5 (S.D.N.Y. June 20, 2014) (citing participation of mediator David Rotman, "a well-known and experienced mediator in wage and hour law," in approval of FLSA class action settlement); *O'Dell v. AMF Bowling Ctrs, Inc.*, No. 09-cv-759 (DLC), 2009 WL 6583142, at *1 (S.D.N.Y. Sept. 18, 2009) ("The assistance of a well-known employment mediator . . . reinforces that the Settlement Agreement is non-collusive.").

### III.     Conditional Certification of the Proposed Rule 23 Settlement Class

16.     Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a class settlement, ensuring notification of all class members of the terms of the proposed settlement, and setting the date and time of the final approval hearing. *See, e.g.*, *Westerfield v. Wash. Mut. Bank*, Nos. 06-CV-2817 (CBA) (JMA), 08-CV-00287 (CBA) (JMA), 2009 WL 6490084 (E.D.N.Y. June 26, 2009) (conditionally certifying a multi-stage wage and hour settlement class and granting preliminary approval to wage and hour settlement).

- 4 -

17.    The Court provisionally certifies the following Class under Federal Rule of Civil Procedure 23, for settlement purposes:

> all Persons who were employed by Wells Fargo, or its predecessor Wachovia Securities, in the State of New York as a Private Client Group Financial Advisor between May 11, 2009 and ==[Preliminary Approval Date]==.

18.    Wells Fargo has agreed not to contest, for the purpose of achieving settlement only, that the requirements for class certification under Federal Rule of Civil Procedure 23 have been met.  On that basis, the Court conditionally finds that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation, including no effect on the Litigation should the Stipulation not ultimately be approved or should the Effective Date not occur (and recognizing the Named Plaintiffs have waived the right to claim any such effect and are estopped from doing so), Class Representatives and the proposed Class meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).  Subject to qualification:

a.    Class Representatives and the proposed Class satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 1,150 Class Members and, thus, joinder is impracticable.  *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members . . . .").

b.    Class Representatives and the proposed Class satisfy Federal Rule of Civil Procedure 23(a)(2) because Class Representatives and the Class Members share common issues of fact and law, including whether Wells Fargo violated the wage and hour laws by failing to pay minimum wages or overtime wages for hours worked over forty (40) in a given workweek, or subjecting its Financial Advisors to wage deductions.  *See Reyes v. Buddha-Bar NYC*, No. 08-CV-02494 (DF), 2009 WL 5841177, at *2 (S.D.N.Y. May 28, 2009).

c.    Class Representatives and the proposed Class satisfy Federal Rule of Civil Procedure 23(a)(3) because Class Representatives' claims for minimum wages, overtime pay, and wage deductions arise from the same factual and legal circumstances that form the bases

- 5 -

of the Class Members' claims.  *See Westerfield*, 2009 WL 6490084, at *2; *Reyes*, 2009 WL 5841177, at *2.

        d.      Class Representatives and the proposed Class satisfy Federal Rule of Civil Procedure 23(a)(4) because Class Representatives' interests are not antagonistic or at odds with Class Members.  *See Toure v. Cent. Parking Sys. of N.Y.*, No. 05-CV-5237 (WHP), 2007 WL 2872455, at *7-8 (S.D.N.Y. Sept. 28, 2007); *Martens v. Smith Barney, Inc.*, 181 F.R.D. 243, 259 (S.D.N.Y. 1998) ("'[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status.'").  Class Representatives' counsel also meet the adequacy requirement of Rule 23(a)(4) because they have substantial experience handling large scale wage and hour class and collective actions.

        e.      Class Representatives and the proposed Class also satisfy Federal Rule of Civil Procedure 23(b)(3).  Common factual allegations and a common legal theory predominate over any factual or legal variations among Class Members.  *See Reyes*, 2009 WL 5841177, at *3.  Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class Members, particularly those who lack the resources to bring their claims individually.  *See id.*

**IV.**    **Appointment of Plaintiffs' Counsel as Class Counsel**

    19.    The Court appoints The Law Office of Christopher Q. Davis, PLLC, as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g).  *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (explaining Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action,  . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and  . . . the resources counsel will commit to representing the class.").

    20.    Class Counsel did substantial work identifying, investigating, and settling Named Plaintiffs' and the Class Members' claims.  (_____ Decl. ¶ __.)

    21.    The Law Office of Christopher Q. Davis, PLLC, are skilled and experienced employment class action lawyers.  They have extensive experience prosecuting and

- 6 -

settling wage and hour class and collective actions.  (_____ Decl. ¶ __.)  The work that Named

Plaintiffs' counsel has performed both in litigating and settling these cases demonstrates their

commitment to the Class and to representing the Class's interests.

**V.     Notice**

22.     The Court approves the Notice To Class Members Re: Pendency of a Class

Action ("Class Notice") attached to the Settlement Agreement as Exhibit 2.

23.     The content of the Class Notice fully complies with due process, Federal

Rule of Civil Procedure 23, and FLSA § 216(b).

24.     Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must

provide:

> The best notice practicable under the circumstances, including
> individual notice to all members who can be identified through
> reasonable effort.  The notice must concisely and clearly state in
> plain, easily understood language: the nature of the action; the
> definition of the class certified; the class claims, issues, or defenses;
> that a class member may enter an appearance through counsel if the
> member so desires; that the court will exclude from the class any
> member who requests exclusion, stating when and how members
> may elect to be excluded; and the binding effect of a class judgment
> on class members under Rule 23(c)(3).

25.     The Class Notice states each of these requirements and adequately puts

Class Members on notice of the proposed settlement.  *See, e.g.*, *In re Michael Milken & Assocs.*

*Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) ("[S]ettlement notices need only describe the

terms of the settlement generally.").  The Class Notice is appropriate because it describes the

terms of the settlement, informs the Class Members about the allocation of attorney fees, and

provides specific information regarding the date, time, and place of the final approval hearing.

26.     The Class Notice is reasonable and constitutes due, adequate, and sufficient

notice to the Class Members.

27.     The Court hereby adopts the following settlement approval process, which

safeguards Class Members' procedural due process rights, enables the Court to fulfill its role as

the guardian of class interests, and is consistent with the standard procedure for evaluating class

action settlements.  *See* Fed. R. Civ. P. 23(e); *Damassia v. Duane Reade, Inc.*, Nos. 04-cv-08819

- 7 -

(GEL), 06-cv-02295 (GEL), 2009 WL 5841128 (S.D.N.Y. July 27, 2009) (granting final approval of class action settlement after preliminary approval, notice, and fairness hearing).

       a.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Stipulation is preliminarily approved and the Class is provisionally certified.

       b.      Notice of the proposed settlement, and the rights of Class Members to opt out of, or object to, the settlement or become a Participating Claimant, shall be given by mailing of the Class Notice by first class mail, postage prepaid, to all Class Members pursuant to the applicable provisions in the Stipulation and postmarked by the Claims Administrator on or before the Notice Mailing Deadline.

       c.      Wells Fargo shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Stipulation (including but not limited to each Class Member's name, last known address, social security numbers, and total number of Qualifying Work Months worked for Wells Fargo in New York as a Private Client Group Financial Advisor) for settlement purposes, and is hereby authorized to do so per the terms of the Stipulation.  This information will be provided only to the Claims Administrator and will be treated as confidential information to be used for settlement purposes only by the Claims Administrator.

       d.      Class Members will have until the Notice Response Deadline to submit an Opt Out form and/or to object to the settlement.  Written objections by Class Members to the proposed settlement will be considered by the Court if postmarked on or before the Notice Response Deadline.

       e.      In order to become a Participating Claimant and receive a Settlement Sum, Class Members will have until the Notice Response Deadline to submit a Qualifying Settlement Claim Certification Form.

       f.      A final fairness hearing shall be held before this Court on _____, 2015 to consider whether the settlement should be given final approval by the Court (the "Settlement Hearing").

g. Prior to the Settlement Hearing, the parties shall file a joint motion for final approval of the settlement, and the Named Plaintiffs and Class Counsel shall file its motion for attorney fees, costs, and enhancement awards.

h. At the Settlement Hearing, Class Members may be heard orally in support of the settlement, or in opposition to the settlement, provided they submitted a timely written objection on or before the Notice Response Deadline and include the words "I intend to appear at the Fairness Hearing" in their written objection.

i. Class Counsel and counsel for Wells Fargo should be prepared at the hearing to respond to objections filed by Class Members, if any, and to provide other information as appropriate, bearing on whether or not the settlement should be approved.

j. If the Court Grants the Motion for Final Approval of the Settlement, the Court will issue an Order Granting Final Approval of Settlement and a Judgment dismissing the Litigation.

k. Wells Fargo shall send the Settlement Sum for each Participating Claimant to the Claims Administrator upon the Effective Date of the Judgment following the Order of Final Approval.

l. The Claims Administrator will mail out to each Participating Claimant his or her relevant Settlement Sum within sixty (60) days of, and only after, the Effective Date of the Judgment (as defined in the Stipulation).

m. Checks issued to Participating Claimants pursuant to the Stipulation will remain negotiable for a period of at least ninety (90) days from the date of mailing. In the event that any checks are not properly or timely negotiated, the funds associated with those checks shall remain the property of Wells Fargo and shall not be owed to any Person other than Wells Fargo.

n. In the event that the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Stipulation shall be deemed null and void and shall have no effect whatsoever.

- 9 -

1

2

3      **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

4      DATED: _____      _____

5                                                                    The Honorable Joan M. Azrack
                                                                     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

# If you worked for Wells Fargo or its predecessor Wachovia Securities as a PCG Financial Advisor in the State of New York at any time between May 11, 2009 and [Approval Date], you may eligible to become a plaintiff of record in a collective and class action and participate in a settlement.

*A Federal Court authorized this notice. This is not a solicitation from a lawyer, and the Court's authorization of this notice does not represent any determination on the merits of the claims asserted.*

This notice is to notify you of a settlement in a lawsuit filed on September 4, 2014, by former employee Michelle Hartley and current employee Steven Tomlinson ("Plaintiffs") against Wells Fargo Advisors, LLC, and its predecessor Wachovia Securities (collectively "Wells Fargo" or "Defendants"). Plaintiffs claim that Defendants violated the New York Labor Law as well as the federal Fair Labor Standards Act ("FLSA"). Plaintiffs seek, on behalf of themselves and others similarly situated, recovery related to alleged deductions from wages as well as allegedly unpaid minimum and overtime wages. Defendants have reviewed and investigated this matter and have denied any wrongdoing, but Defendants have chosen to work with Plaintiffs to resolve this matter to avoid the expense and disruption of litigation. Accordingly, Plaintiffs and Defendants have entered into a settlement agreement described in greater detail below in this notice. This notice explains how you may be able to certify your entitlement to become a plaintiff in this action and receive a portion of the settlement, as well as your other options.

- Defendants have agreed to pay a maximum settlement amount of $3,900,000.00 that will be used to make settlement payments as well as attorney fees and costs incurred by Plaintiffs' counsel and other costs associated with the settlement. Defendants agreed to settle, but deny any wrongdoing. The Court has not decided who is right and who is wrong.

- The amount of your individual settlement payment will be based on the amount of time you actively worked as a Private Client Group ("PCG") Financial Advisor for Wells Fargo between May 11, 2009 and [Approval Date]. Note: this notice and action do not cover or apply to "profit formula" Financial Advisors, Financial Advisors in FiNet, and Financial Advisors in Training, i.e., FAITs.

- The lawyers for the Plaintiffs have asked the Court for 1/3 of the gross settlement fund ($1,300,000.00) to compensate them for investigating the facts, litigating the case, and negotiating the settlement, and they have also asked the Court for out of pocket costs from the gross settlement fund in the amount of $40,000.

- Please review this notice carefully and consider the options outlined herein. Your legal rights may be affected whether you act or don't act:

| | |
|---|---|
| **PARTICIPATE AS A PLAINTIFF** | In order to become a plaintiff of record in this action and receive any money from the settlement, <u>you must return the enclosed Claim Form by [Insert Date 45 Days]</u>. If you do not return a Claim Form by this date, you will not receive a payment and will give up certain rights. |
| **OBJECT** | You can write to the Court about why you do not agree with the settlement. You can also ask to speak in Court about the settlement. If you object, you must also submit a Claim Form if you want to receive money from this settlement.<br><br>If the Court rejects your objection, you will still be bound by the terms of the settlement for your claims in this case.<br><br>Your objection must be postmarked no later than [Insert Date 45 Days]. |

| | |
|---|---|
| **EXCLUDE YOURSELF** | If you wish to exclude yourself from the settlement, you must follow the directions outlined in Paragraphs 12-14 below. If you exclude yourself, you will receive no payment. This is the only option that allows you to ever be part of another lawsuit against Defendants about the claims in this case.<br><br>Your exclusion request must be postmarked no later than **[Insert Date 45 Days]**. |
| **DO NOTHING** | Get no payment. If you do nothing, you will give up your right to sue Defendants about the New York law claims covered in the case and by the release below. |

- Your rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. If you do choose to become a plaintiff of record and file a claim for payment, please be patient because the approval process will take some time, and even if you qualify to participate as a plaintiff and the settlement is approved and you are eligible for a payment, such payments will still take several months to process.

- **Please understand that this not a notice of a lawsuit against you. You have not been sued. You are not required to appear in Court in response to this notice.**

## BASIC INFORMATION

### 1.  Why did I receive this notice?

You have received this notice because Wells Fargo's records show that you worked as a PCG Financial Advisor at Wells Fargo or its predecessor Wachovia Securities in the State of New York between May 11, 2009 and [approval date]. The court has already provided preliminary approval for the settlement and permitted this notice at the request of the parties. The settlement provides that you be sent this notice because you have a right to know about a proposed collective/class action settlement and your options before the Court decides whether to approve the settlement.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The lawsuit, known as *Hartley, et al. v. Wells Fargo & Company, et al.*, No.14-cv-05169, is pending in the United States District Court for the Eastern District of New York. The Honorable Joan M. Azrack, a federal judge, is overseeing this case.

### 2.  What is this lawsuit about?

The Plaintiffs, current and former PCG Financial Advisors who worked for Wells Fargo in the state of New York, allege that (a) Defendants subjected its PCG Financial Advisors to wage deductions in violation of New York laws (including, specifically, section 193 of that law as it operated prior to an amendment in 2012) that apply to employees employed within New York; and (b) Defendants misclassified its PCG Financial Advisors as exempt "white collar" employees under New York and/or federal law, which otherwise provide for minimum wage compensation, premium overtime pay, and other wage and hour requirements for hourly employees, and as a result failed to pay them minimum wages and/or overtime wages for hours worked over forty (40) in a given workweek.

Defendants vigorously dispute Plaintiffs' claims (including the claims concerning the version of section 193 that applied prior to 2012) and deny that they violated any laws or did anything wrong. Nevertheless, Defendants chose to work with Plaintiffs and their lawyers to resolve this matter early in the proceedings to avoid the expense and disruption of litigation. The Court has not issued any decision in this case.

### 3.   What is a collective or class action?

Plaintiffs have brought this action as a putative collective and class action lawsuit. In such lawsuits, one or more employees called the "Class Representatives" seek to sue on behalf of other employees with similar claims. The Class Representatives in this case are Michelle Hartley and Steven Tomlinson.

All of the employees together are called the "Class" and each employee is called a "Class Member." One Court resolves the issues for all Class Members, except for those who exclude themselves from the Class. Judge Azrack is in charge of this class action.

The Law Office of Christopher Q. Davis, PLLC, is the "Class Counsel" in this case and represents all of the Class Members.

In order to ensure that all Class Members are given an adequate opportunity to protect their rights, this notice is being mailed to the last known home addresses of all people whom Wells Fargo has identified as Class Members.

### 4.   Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. The Plaintiffs think they could have won if they went to trial. The Defendants think the Plaintiffs would not have won anything from a trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the costs, delays, and uncertainties associates with a trial, and the employees affected will get compensation. The Class Representatives and Class Counsel think the settlement is the best result for all potential Class Members.

Class Counsel believes that the terms and conditions of the settlement are fair, reasonable, and adequate and that the settlement is in the best interest of the Class Representatives and the Class Members.

### 5.   How do I know if I am part of the settlement?

You are automatically a member of the Class if you worked at Wells Fargo or its predecessor Wachovia Securities as a PCG Financial Advisor in the State of New York at any time between May 11, 2009 and [approval date]. (This settlement does not cover "profit formula" FAs.) In order to participate in the settlement, however, you must become a plaintiff of record in the action (i.e., "opt into" the settlement per the procedures for a collective action) by returning the enclosed Settlement Claim Certification Form (as described in Paragraph 8 below), which is attached as Form C to this notice. Your participation as a plaintiff in this matter will be a matter of public record, and Wells Fargo can rely on your participation to bar you from pursuing similar claims in the future.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6.   What does the settlement provide?

On behalf of other Members of the Settlement Class, Plaintiffs have reached a voluntary settlement agreement with Defendants. Through this settlement, neither Defendants nor any of their affiliates or employees have admitted any liability or wrongdoing. A full copy of the settlement agreement and other public documents filed with the Court with regard to this matter can be inspected and copied in the Office of the Clerk Court. Please see Paragraph 24 of this notice for further details.

Defendants have agreed to pay a maximum gross settlement amount of $3,900,000.00, which will be used to pay the Class Members and Class Counsel. Payments to the Class Members will be based on the number of months each Class Member actively worked as a PCG Financial Advisor for Defendants between May 11, 2009 and [approval date] in the State of New York. As explained later, Class Counsel has asked the Court for one-third (1/3) of the settlement fund to cover their fees as well as a separate amount to cover the costs incurred by Class Counsel. In addition, the two Class Representatives have each requested a service payment of up to $20,000 from the settlement fund in recognition of their services to the Class. A portion of the settlement fund will be also used to pay the costs of administering the settlement.

## 7.  How much will my payment be if I become a plaintiff in this action?

If you formally become a plaintiff in this action by returning a valid and qualifying Claim Form by **[insert date 45 days after mailing]**, your settlement allocation will be based on the number of months in which you actively worked as a PCG Financial Advisor for Wells Fargo or its predecessor Wachovia Securities in New York between May 11, 2009 and **[approval date]**.

There is a presently estimated total of 1,150 Class Members, and a Class Member who participates in the settlement by timely returning a valid Claim Form will receive approximately forty-two dollars for each qualifying month worked as a PCG Financial Advisor in New York during the pertinent period <u>before</u> required withholdings and deductions.

Wells Fargo's records demonstrate that you, the Class Member receiving this notification, *actively* worked **___** qualifying work months during the settlement period as a PCG Financial Advisor in New York. Months in which you were on leave or otherwise not actively working do not count. If you disagree with this number, you must contact Class Counsel or the Claims Administrator prior to **[notice response deadline]**. If you dispute the number of months stated above but still wish to participate in the settlement while that dispute is resolved, you must submit a Claim Form prior to **[notice response deadline]**.

The Claims Administrator will deduct a portion of your share of the settlement fund to cover legally required taxes and withholdings.

# HOW YOU GET A PAYMENT

## 8.  How can I become a plaintiff and get my payment?  Will becoming a plaintiff affect my employment with Wells Fargo?

In order to become a plaintiff and receive a payment from this settlement, you must return a qualifying copy of the enclosed Settlement Claim Certification Form ("Claim Form") attached hereto as Form C to the Claims Administrator at Rust Consulting, Inc., **[Address]** by **[insert date 45 days from mailing this notice]**.

If you choose to exclude yourself from the settlement (as explained in Paragraph 12 below), or you fail to return the Claim Form prior to the deadline, then you will not receive a payment.

The law prohibits Defendants from retaliating against you for participating in the Settlement, or for any actions taken or not taken in response to this notice or in regard to the lawsuit. Specifically, state and federal law prohibits Defendants from discharging you or subjecting you to any adverse employment action simply because you have exercised your right to participate in this settlement. Defendants have agreed to abide by this obligation.

## 9.  When will I receive my payment?

The Court will hold a hearing on **[insert date of settlement hearing]** to decide whether to approve the settlement. If the Court approves the settlement and there are no appeals, then your payment will be mailed to you within approximately two months of the date in which the Court's approval order and judgment become final.

If you receive a settlement check, you must deposit or cash your settlement check within ninety (90) calendar days after it is mailed to you. If you do not, you will forfeit this money and will still be bound by the settlement.

## 10.  How will my payment be taxed?

Twenty-five percent of your payment will be reported to relevant government entities as a wage payment, and the remaining seventy-five percent as 1099 non-wage income. Specifically, twenty-five percent of your payment under this settlement will be subject to required wage withholdings and deductions and an offset for payroll taxes, and so the net payable amount will be less than the gross amount of the settlement

sum. Wells Fargo reserves the right to make any required withholdings or deductions as required by applicable law, and Wells Fargo will report any payments made pursuant to this settlement to the Internal Revenue Service and other relevant government entities (if any) as required by law.

You will be responsible for any taxes on any payments made pursuant to this settlement. Neither Class Counsel nor Defendants makes any representations concerning the tax consequences of this settlement or your participation in it, and you are advised to seek your own personal tax advice regarding the tax implications of the settlement.

By submitting a Claim Form, you agree to hold Defendants harmless, up to the amount of your settlement payment, for certain unexpected tax obligations and related expenses that Defendants might incur because of this settlement. This means that if Defendants incur such obligations and expenses, you may have to return some or all of your settlement payment to Defendants.

### 11.  What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself (as explained in Paragraph 12 below), you will remain in the Class and will forever release and relinquish any and all Released Claims in this case (as defined in the settlement agreement, including without limitation Unknown Claims but excluding federal FLSA claims) against Defendants and all of the Defendants' employees, investors, parents, affiliates, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, other related or affiliated entities/persons, and each of the forgoing entities' past or present owners, directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, employee benefit plans, employment benefit plan trustees, fiduciaries, administrators, personal or legal representatives (collectively, "Wells Fargo Releasees"). If you return a Claim Form and become a plaintiff in this matter, you will further release the federal FLSA claims in this case against the Wells Fargo Releasees, and any of them. Releasing a claim means that you cannot sue or be party to any other lawsuit against Defendants about that claim. The settlement agreement contains the complete terms of the release.

Unless you exclude yourself from the Class, all of the Court's orders will apply to you and legally bind you.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Defendants on your own about all of the legal issues in this case, then you must exclude yourself from the Class. The process of excluding yourself is also sometimes referred to as "opting out" of the Class.

### 12.  How do I opt out of the settlement?

To exclude yourself from the settlement, you must mail a written, signed statement including your name, address, and telephone number(s), and dates of employment with Wells Fargo or its predecessor Wachovia Securities] to the Claims Administrator, Rust Consulting, Inc., [Address]. You must also provide copies to the counsel in this matter whose addresses are stated below. This written statement must state as follows or substantially as follows: "I [NAME], was or am employed with Wells Fargo or its predecessor Wachovia Securities as a Private Client Group Financial Advisor between May 11, 2009 and [Approval Date]. I wish to opt out of the Class Action and Settlement in Michelle F. Hartley, Steven Tomlinson, individually and on behalf of all others similarly situated, and Maria DeGennero vs. Wells Fargo & Company; Wachovia Securities Financial Holdings, LLC; and Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, LLC. By doing so, I waive any and all rights I may have to participate in the settlement and to be paid any portion of the settlement." The written opt-out statement must be postmarked no later than [insert date 45 days from mailing this notice].

If you ask to be excluded, you will not be able to become a plaintiff in this action and will not receive a settlement payment and will not be legally bound by anything that happens in this lawsuit. If you wish to exclude yourself in order to file an individual lawsuit against Defendants, you should consult counsel because your claims are subject to statutes of limitations.

**13.  If I don't exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any rights to sue Defendants and any of the Wells Fargo Releasees for the Released Claims in this case (as defined in the settlement agreement, including without limitation Unknown Claims), provided unless you file a claim in this action you will not be releasing your federal FLSA claims. If you return a Claim Form, you will also give up any rights to sue Defendants and any of the Wells Fargo Releasees for the FLSA claims in this case.

**14.  If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, you will not receive any money from this settlement. If you exclude yourself, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding the same claims.

# THE LAWYERS REPRESENTING YOU

**15.  Do I have a lawyer in this case?**

The Court has decided that The Law Office of Christopher Q. Davis, PLLC, 18 West 18th Street, 11th Floor, New York, NY 10011, (646) 356-1010, is qualified to represent you and all Class Members. These lawyers have been designated as "Class Counsel" in this lawsuit.

If you want to be represented by your own lawyer, you may hire one at your own expense.

Counsel for Wells Fargo is Malcolm Heinicke, Munger, Tolles & Olson LLP, 560 Mission Street, 27th Floor, San Francisco, CA 94105. Do not contact Wells Fargo's counsel with questions about the settlement.

**16.  How will the lawyers be paid?**

As part of the settlement agreement, Wells Fargo has agreed to pay the Plaintiffs' lawyers attorney fees and litigation expenses from the total settlement amount. This payment does not affect the amount of your individual settlement payment and you will not pay those lawyers anything out of your individual settlement payment. Class Counsel has asked the Court to approve payment of up to $1,300,000.00, which is one-third of the settlement, to pay Class Counsel for attorneys' fees. These fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to approve payment of up to $40,000.00 for their out-of-pocket costs. The Court may award less than these requested amounts to Class Counsel.

In addition to the payment to Class Counsel, Wells Fargo will make a payment to the Class Representatives beyond what they would receive as a claimant in this action. The Class Representatives have asked the court to approve payment of up to $20,000 each, as compensation for their role as the lead plaintiffs and Class Representatives in this matter and also in exchange for a broader release that they will execute to the benefit of Wells Fargo. Class Members like you will *not* be responsible for this payment.

# OBJECTING TO THE SETTLEMENT

You can tell the Court you don't agree with the settlement or some part of it.

**17.  How do I tell the Court that I don't like the settlement?**

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. You can also object to Class Counsel's request for attorneys' fees and costs, and the Class Representatives' requests for service payments. The Court will consider your views. To object, you must send a written statement to Rust Consulting, Inc., Re: Hartley Matter, P.O. Box ____, Minneapolis, MN 55440-9407, including all reasons for the objection. You must also send copies of this objection to the counsel listed in this notice as well as the Court. The written objection statement must be postmarked no later than **[insert date 45 days from mailing this notice]**.

Your written statement must include all reasons for your objection, and you will not be permitted to raise issues not included in your statement at the hearing.

| 18.  What's the difference between objecting to the settlement and excluding myself? |
|---|

Objecting is simply telling the Court that you don't like something about the settlement. You can only formally object if you stay in the Class.

Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, the settlement in this case no longer affects you.

# THE COURT'S FAIRNESS HEARING

Judge Azrack will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. If you wish to appear at this hearing to state an objection, you must first submit a written objection per the procedures set forth above.

| 19.  When and where will the Court decide whether to approve the settlement? |
|---|

Judge Azrack will hold a Fairness Hearing on _____, in Courtroom 920 at the United States District Court for the Eastern District of New York, Long Island Courthouse, 100 Federal Plaza, Central Islip, NY 11722. You may attend and you may ask to speak, but you don't have to. You need not attend this hearing or take any part in it to submit a claim for payment.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. The Court will also consider how much to pay Class Counsel. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court's decision will take. The date and time of the Fairness Hearing may be changed by the Court. If you wish to be informed of any such changes, you must contact Class Counsel.

| 20.  Do I have to come to the hearing? |
|---|

No. Class Counsel will answer questions that Judge Azrack may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court. As long as you mailed your written objection on time, the Court will consider it.

| 21.  May I speak at the hearing? |
|---|

If you file a timely written objection to the settlement per the procedures above and reiterated in Form B, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include the words "I intend to appear at the Fairness Hearing" in your written objection, which must be filed according to the procedure described in Paragraph 17, above. Your testimony at the Fairness Hearing will be limited to those reasons that are included in your written objection.

# IF YOU DO NOTHING

| 22.  What happens if I do nothing at all? |
|---|

If you do nothing, you will not become a plaintiff in this action and you will get no money from this settlement. Also, unless you exclude yourself, you will not be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Defendants about the Released Claims in this case (as defined in the settlement agreement, including without limitation Unknown Claims but excluding federal FLSA claims), ever again. Specifically, you will release the claims under New York law (including the claims under section 193 of the New York Labor law, including the version of the statute in effect prior to 2012) that are at issue here.

# CORRECTIONS TO NAME OR ADDRESS

**23.  What if I need to change the name or address listed on this notice?**

If, for any future reference or mailings, you, as the recipient of this notice, wish to change the name or address listed on the envelope in which this notice was sent, please complete, execute, and mail the form entitled "Change of Name and/or Address Information" attached to this notice as Form A.

# GETTING MORE INFORMATION

**24.  Are more details available?**

This notice summarizes the proposed settlement for the Class Members. More details are available in the settlement agreement. You can request a copy of the complete settlement agreement by contacting Rust Consulting, Inc., Rust Consulting, Inc., Re: Hartley Matter, P.O. Box ____, Minneapolis, MN 55440-9407. You may also obtain information about this action and settlement by referring to the court papers filed in this action, which may be inspected at the Office of the Clerk of the Court, United States District Court for the Eastern District, Long Island Courthouse, 100 Federal Plaza, Central Islip, New York 11722, during regular business hours. Court documents are also available through https://www.pacer.gov.

DATE: _____, 2015

# FORM A

## Change of Name and/or Address Information

Pursuant to this Notice To Class Members, I wish to change my name and/or mailing address information to the following:

Name: _____

Street and Apt. No, if any: _____

City, State and Zip Code: _____

For purposes of verification only, the last four digits of my Social Security Number are: _____.

I understand that all future correspondence in this action, including but not necessarily limited to important notices or payments to which I am entitled (if any), will be sent to the name and/or address listed above and not to the name and/or address previously used. I hereby request and consent to the use of the name and/or address listed above for these purposes.

DATED: _____         Submitted By:


_____
Print Name


_____
Signature

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Rust Consulting, Inc.
Re: Hartley Matter
P.O. Box ____, Minneapolis, MN 55440-9407

**THIS FORM MUST BE POSTMARKED NO LATER THAN _____, 2015**

## FORM B

### Instructions on How to Opt Out of Settlement and Collective/Class Action

To exclude yourself from the settlement, you must mail a written, signed statement including your name, address, and telephone number(s), and dates of employment with Wells Fargo or its predecessor Wachovia Securities to the Claims Administrator, Rust Consulting, Inc., Re: Hartley Matter, P.O. Box ____, Minneapolis, MN 55440-9407.  You must also provide copies to the counsel in this matter whose addresses are stated in Paragraph 15 of the Notice.  This written statement must also state: "I [NAME], was or am employed with Wells Fargo or its predecessor Wachovia Securities as a Private Client Group Financial Advisor between May 11, 2009 and [Approval DATE].  I wish to opt out of the Class Action and Settlement in Michelle F. Hartley, Steven Tomlinson, individually and on behalf of all others similarly situated, and Maria DeGennero vs. Wells Fargo & Company; Wachovia Securities Financial Holdings, LLC; and Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, LLC.  By doing so, I waive any and all rights I may have to participate in the settlement and to be paid any portion of the settlement." The written opt-out statement must be postmarked no later than [insert date 45 days from mailing this notice].

**THIS FORM MUST BE POSTMARKED NO LATER THAN _____, 2015 TO BE VALID**

**FORM C**

**Settlement Claim Certification Form**

Pursuant to Paragraph 8 of the Notice to Class Members, I hereby wish to become a plaintiff of record in this action pursuant to the procedures for opting into this action under the Fair Labor Standards Act. I further certify that I am eligible to participate in this settlement because I was employed by Wells Fargo, or its predecessor Wachovia Securities, at some point between May 11, 2009 and [approval date] as a Private Client Group Financial Advisor in the State of New York.

I further confirm that (check one):

___ I was employed by Wells Fargo, or its predecessor Wachovia Securities, at some point between May 11, 2009 and [approval date] as a Private Client Group Financial Advisor in the State of New York, and I (a) was subject to deductions from my wages for promissory note loan recovery, expenses for staff support or other costs associated with employment; or (b) worked more than forty hours per week on a regular and consistent basis during this period; or (c) both.

___ I was not employed by Wells Fargo, or its predecessor Wachovia Securities, at some point between May 11, 2009 and [approval date] as a Private Client Group Financial Advisor in the State of New York, or if I was so employed, I (a) was not subject to deductions from my wages for promissory note loan recovery, expenses for staff support or other costs associated with employment; and (b) did not work more than forty hours per week on a regular and consistent basis during this period. NOTE: IF YOU CHECK THIS SECOND BOX, YOU WILL NOT RECEIVE A SETTLEMENT PAYMENT.

I further acknowledge that I understand and agree that by exercising this option and submitting this form, my recovery, if I am eligible for it, will be the gross amount calculated to the settlement formula, *i.e.*, my individual number of qualifying work months listed in the notice multiplied by the pertinent settlement sum variable (minus the withholdings required by federal and state law), and nothing further. I also understand that by not electing to opt out of

this settlement, I will be subject to the judgment and will be precluded from pursuing any

Released Claims (including without limitation Unknown Claims), as defined in the settlement

agreement. I hereby confirm that the foregoing is true and accurate to the best of my knowledge.

Name of Class Member (print): _____

Address: _____

City, State and Zip Code: _____

Date: _____

Signature: _____

For purposes of verification only, I began working at Wells Fargo (or its

predecessor Wachovia Securities) in _____, _____.
                                       (Month)     (Year)

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Rust Consulting, Inc.
Re: Hartley Matter
P.O. Box _____, Minneapolis, MN 55440-9407

**THIS FORM MUST BE POSTMARKED NO LATER THAN _____, 2015 TO BE VALID AND EFFECTIVE**

SETTLEMENT CLAIM CERTIFICATION FORM

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MICHELLE F. HARTLEY, STEVEN
TOMLINSON, individually and on behalf of
all others similarly situated, and MARIA
DEGENNERO,

           Plaintiffs,

vs.

WELLS FARGO & COMPANY;
WACHOVIA SECURITIES FINANCIAL
HOLDINGS, LLC; and WELLS FARGO
ADVISORS, LLC, as successor in interest to
Wachovia Securities, LLC,

           Defendants.

Civil Action No. 14-cv-5169

**[PROPOSED] ORDER GRANTING**
**FINAL APPROVAL OF SETTLEMENT**

Having considered the Stipulation Re: Settlement of Class Action ("Stipulation") and all other materials properly before the Court and having conducted an inquiry pursuant to the Federal Rules of Civil Procedure, Rule 23, the Court finds that the Stipulation is fair and reasonable, and it is approved, including the award of attorney fees and allowable litigation costs and expenses in the amount of $1,340,000.00.  The Court will simultaneously, or the Clerk of the Court shall, enter the Judgment provided in the Stipulation.  Wells Fargo Advisors, LLC, itself or through the Claims Administrator, shall deliver the payments to the Participating Claimants, the Named Plaintiffs, and Class Counsel as provided for in the Stipulation.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____

_____
The Honorable Joan M. Azrack
United States District Judge

- 1 -

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MICHELLE F. HARTLEY, STEVEN
TOMLINSON, individually and on behalf of
all others similarly situated, and MARIA
DEGENNERO,

           Plaintiffs,

   vs.

WELLS FARGO & COMPANY;
WACHOVIA SECURITIES FINANCIAL
HOLDINGS, LLC; and WELLS FARGO
ADVISORS, LLC, as successor in interest to
Wachovia Securities, LLC,

           Defendants.

Civil Action No. 14-cv-5169

**[PROPOSED] JUDGMENT**

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Stipulation Re: Settlement of Class Action (the "Stipulation").  Due and adequate notice having been given to the Class, and the Court having considered the Stipulation, all papers filed and proceedings had herein, and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Stipulation filed in this case.

2.      The Court has jurisdiction over the subject matter of the Litigation, the other Members of the Settlement Class, and Wells Fargo.[1]

3.      The Court finds that the distribution of the Notice Re: Pendency of Class Action as provided for in the Order Granting Preliminary Approval and Settlement Hearing, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of due process under the United States Constitution and New York law.  Based on evidence and other material submitted in conjunction with the Settlement Hearing, the actual notice to the Class was adequate.  The Court further finds that the Settling Parties have further satisfied the requirements of notice to pertinent government agencies set forth in the federal Class Action Fairness Act.

4.      The Court finds in favor of settlement approval.

5.      The Court approves the settlement of the above-captioned action, as set forth in the Stipulation, each of the releases and other terms, as fair, just, reasonable and

---

[1] Wells Fargo has conceded jurisdiction for the purposes of this settlement only.  In the event that the Effective Date does not occur, Wells Fargo shall not be estopped or otherwise precluded from contesting that not all of the Wells Fargo entities named as Defendants employed Plaintiffs or are proper defendants to this action.

[PROPOSED] JUDGMENT

adequate as to the Settling Parties.  The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

6.     Except as to any individual claim of those Persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Settlement Class, all of the Released Claims are dismissed with prejudice as to the Named Plaintiffs and the other Members of the Settlement Class.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7.     Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Stipulation, and the Court deems this definition sufficient for purposes of due process and Rule 23.

8.     With respect to the Settlement Class and for purposes of approving this settlement, this Court finds and concludes that:  (a) the Members of the Settlement Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and there is a well-defined community of interest among Members of the Settlement Class with respect to the subject matter of the Litigation; (c) the claims of Class Representatives Michelle Hartley and Steven Tomlinson are typical of the claims of the Members of the Settlement Class; (d) The Class Representatives have fairly and adequately protected the interests of the Members of the Settlement Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Named Plaintiffs, *i.e.*, Class Counsel, is qualified to serve as counsel for the Named Plaintiffs in their individual and representative capacities and for the Settlement Class.

9.     By this Judgment, the Named Plaintiffs shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims).  The Released Claims, as more fully defined in

the Stipulation, include, with the exception of the Fair Labor Standards Act ("FLSA") claims of Settlement Class Members who do not become Participating Claimants, and otherwise without limitation, any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, including without limitation statutory, constitutional, contractual, or common law claims, whether known or unknown, whether or not concealed or hidden, whether arising under federal or state or other law, against the Wells Fargo Releasees, or any of them, that accrued at any time on or prior to the entry of this Judgment and arising out of the Class Member's employment as a Financial Advisor in New York by any Wells Fargo Releasee, for (1) failure to pay any types of wages, including without limitation minimum hourly, minimum salary, regular, straight-time, over-time, premium, or "gap time" wages, and any and all associated remedies, including without limitation unpaid wages, damages, liquidated damages, punitive damages, penalties, interest, attorney fees, litigation costs, restitution, equitable relief, and any other remedies, under the New York Labor Law, the FLSA, the Portal to Portal Act, or any other applicable state, federal, or local law; (2) unlawful deductions, withholdings, or downward adjustments from wages, and any and all associated remedies, including without limitation unpaid wages, damages, liquidated damages, punitive damages, penalties, interest, attorney fees, litigation costs, restitution, equitable relief, and any other remedies, under New York, Virginia, Missouri, or any other applicable state, federal, or local law; and (3) to the extent not covered by the above, any and all claims pled in or reasonably arising out of the Litigation.

10.    Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Wells Fargo or any of the Wells Fargo Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Wells Fargo or any of the Wells Fargo Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. In the event that the Effective Date does not occur, Wells Fargo shall not be estopped or

otherwise precluded from contesting class or collective action certification in the Litigation or other litigation on any grounds. Wells Fargo or any of the Wells Fargo Releasees may file the Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

   11. The only Settlement Class Members entitled to payment pursuant to this Judgment are Participating Claimants. Neither the Stipulation nor this Judgment will result in the creation of any unpaid residue or residual.

   12. Wells Fargo has agreed to pay Class Counsel their reasonable attorneys' fees as well as certain allowable costs in this matter in the amount of $1,340,000.00, and Wells Fargo has agreed to pay an enhancement to the Class Representatives to reimburse them for their unique services in the amount of $20,000.00 each. The Court finds that these agreements are fair and reasonable. Wells Fargo is directed to make such payments in accordance with the terms of the Stipulation.

   13. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class, and Wells Fargo for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Stipulation and this Judgment. The Litigation is dismissed with prejudice.

   14. This document shall constitute a judgment (and separate document constituting said judgment) for purposes of Federal Rule of Civil Procedure, Rule 58.

**IT IS SO ORDERED.**

DATED: _____   _____
                    The Honorable Joan M. Azrack
                    United States District Judge